## Patrick G. Flynn, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 20,641.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 29, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Patrick C. Flynn, plaintiff, against the City of Chicago, defendant, in the Circuit Court of Cook county, to recover salary from August 20, 1903, to January 13, 1912, being the period between his wrongful discharge as a police patrolman of defendant city and his reinstatement as such, less what plaintiff had earned in the meantime. From a judgment for plaintiff for $1,074.43, both parties appeal, and defendant assigns cross-errors.

It appeared that in 1895, the plaintiff passed the civil service examination and qualified as police patrolman of Chicago. He continued as such until August 20th, 1903, when he was removed as the result of charges preferred against him. On June 19, 1906, he filed a petition for a writ of mandamus to compel his reinstatement. On December 22, 1908, the court found that the discharge of plaintiff was unlawful, and granted a writ of mandamus commanding immediate reinstatement. The writ was issued March 9, 1909, and served March 12th. There was no evidence as to what further was done until the 23rd of December, 1911, when an *alias* writ was issued and served on December 27, 1911. Counsel for plaintiff stated that the defendant announced it would sue out a writ of error to review the judgment, which could have been done any time within three years, and that immediately after said period of three years, he obtained an *alias* writ.

Plaintiff was reinstated January 13, 1912, and on February 7, 1912, brought this action.

The action was tried by the court without a jury. It was held that plaintiff was entitled to salary from the time of his discharge to the time his reinstatement was ordered, less the amount earned between the time he was discharged and when he was actually reinstated, and entered judgment for the amount of the difference.

A. D. GASH, for plaintiff in error.

JOHN W. BECKWITH, for defendant in error; JOHN E. FOSTER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. MANDAMUS, § 170*—*what patrolman seeking reinstatement by mandamus must prove.* A person seeking reinstatement by mandamus as a patrolman must show the legal existence of the office or position, his clear right to the office, and the duty of respondent to perform the act sought to be enforced.

2. CIVIL SERVICE, § 30*—*when judgment ordering reinstatement establishes title to office.* On a petition for mandamus to compel petitioner's reinstatement as a police patrolman, the rendition of judgment ordering the writ to issue as prayed conclusively establishes petitioner's right to the office.

3. MANDAMUS, § 139*—*when fact that office has been terminated must be set up by proper plea.* On a petition for mandamus to compel the reinstatement of petitioner in the office claimed, where it appears that during the interval between petitioner's discharge and the filing of the petition his right to the office has been terminated, such fact must be set up by proper plea to the petition.

4. CIVIL SERVICE, § 31*—*when officer estopped to claim on appeal more salary than claimed on trial.* Where a plaintiff, seeking to recover salary as a police patrolman during the time wherein he was deprived of his position by wrongful discharge in the trial court, asks for the amount of such salary less the amount earned

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.**

during such period while not acting as a patrolman, he cannot shift his position in the Appellate Court and claim the entire amount of such salary without deduction.

5. TRIAL, § 87*—*when reopening of case to hear further evidence within discretion of court.* Where an action is heard by the court without a jury, the allowance of a motion to reopen and hear further evidence after having announced a finding is within the sound discretion of the court.

6. TRIAL, § 87*—*when court does not abuse its discretion to reopen case to hear further evidence.* In an action to recover salary as a police patrolman, where it appeared that plaintiff was discharged as such patrolman on August 20, 1903, that he brought a petition for mandamus on June 19, 1906, to compel his reinstatement, that on March 9, 1908, the writ was issued and served March 12th, that nothing was done until December 23, 1911, when an *alias* writ was issued and served December 27th, that the delay was explained by showing that defendant notified plaintiff of its intention to bring a writ of error, which was never done, that plaintiff was reinstated January 13, 1912, that plaintiff showed the amount earned between August 20, 1903, and January 13, 1912, but did not show what proportion of this amount was earned between August 20, 1903, and March 9, 1908, and the court found for the amount of salary to which plaintiff was entitled from August 20, 1903, to March 9, 1908, less the amount earned between August 20, 1903, and January 13, 1912, as proved by plaintiff, *held* that the denial of a motion made after finding to reopen the case and hear evidence as to the amount earned between August 20, 1903, and March 9, 1908, was not an abuse of discretion under the evidence.

7. CIVIL SERVICE, § 31*—*when officer cannot recover salary after date of writ of mandamus for reinstatement.* A police patrolman who is wrongfully discharged and obtains a writ of mandamus to compel his immediate reinstatement cannot recover for salary after the date of the writ, although he is not actually reinstated until a much later time, since the power of the State is at plaintiff's command to enforce immediate compliance with the terms of the writ, and if plaintiff delays to invoke such power to enforce his rights such delay is voluntary.

8. TRIAL, § 295*—*when propositions of law submitted too late.* Propositions of law submitted after the trial of the case are properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.