Michael P. McMahon, Appellee, v. County of Cook, Appellant.

Gen. No. 23,581.

OFFICERS, § 70*—*when de jure employee cannot recover for services.* Where salary has, in good faith, been paid to a *de facto* employee under the civil service by a county during the time services were performed by a *de jure* employee, such salary cannot be afterwards recovered by the *de jure* employee from the county.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed April 3, 1918.

MACLAY HOYNE, for appellant; JOHN E. FOSTER and OTA P. LIGHTFOOT, of counsel.

A. D. GASH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Michael P. McMahon brought suit against the County of Cook to recover $945 salary as watchman or hospital guard from March 4, 1914, to December 4, 1914, and from February 14, 1915, to March 25, 1915. The case was tried before the court and jury; there was a directed verdict in favor of plaintiff for the amount of his claim and judgment entered.

The record discloses that plaintiff took the civil service examination for the position of watchman, which was in the classified service of Cook county; that he passed such examination and on March 13, 1897, was certified and began his duties and continued such employment until March 4, 1914, when he was laid off; that he worked at the Dunning Institution until it was taken over by the State, July 1, 1912; that he was afterwards transferred to the Cook County Hospital, and later to the Oak Forest Infirmary; that he was laid off March 4, 1914, without any charges being filed against him; that on December 4, 1914, he was again put to work and on February 15, 1915, he was again laid off without any charges being filed against him. On March 26, 1915, it appears he was again called into the service.

A number of points are urged by defendant as grounds for reversal. No brief has been filed by plaintiff. During the trial defendant offered evidence tending to show that the services which plaintiff had been performing were, during the periods for which he seeks to recover salary in this case, performed by another person, and the salary paid such person, and it was contended that as this payment was made in good faith plaintiff could not recover. The offer of this evidence was refused. The trial was had June 26, 1917. Subsequently the Supreme Court in the case of *People v. Schmidt*, 281 Ill. 211, handed down an opinion holding that where salary has been paid in

good faith to a *de facto* officer during the time he performed services, such salary could not afterwards be recovered again by the *de jure* officer, and that this rule applied to an employee who was not an officer. The court there said (217): "The question has never been passed upon by this court, where the salary has been paid, whether it could be recovered again from the city by the *de jure* officer. If the salary or compensation has been paid in good faith to a *de facto* employee during the time the position was in his possession, it cannot, on principle and by the weight of authority, be recovered again from the city, county, State or other governmental subdivision by the *de jure* officer." (See also, *People v. Burdett*, 283 Ill. 124.)

Under the law as announced in the *Schmidt* case, *supra*, it was error to exclude the evidence offered, and the judgment of the Circuit Court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*