Henry A. Cord, Appellee, v. City of Chicago, Appellant.

Gen. No. 29,018.

1. OFFICERS AND PUBLIC EMPLOYEES—*proof of appropriation as part of prima facie case for compensation.* In an action by a public employee who was wrongfully dismissed, brought after his reinstatement to recover salary for the period he was wrongfully kept out of the employment, it is not incumbent upon him to show, as part of his prima facie case, that the fund appropriated for the payment of his salary had not been paid out to another as a *de facto* employee, that being a matter of defense.

2. OFFICERS AND PUBLIC EMPLOYEES—*effect of delay in seeking reinstatement after right thereto determined on right to compensation.* Where a public employee who had been wrongfully dismissed recovered a judgment of reinstatement which was affirmed on appeal to this court and the city did not file a petition for rehearing, the judgment became final ten days after such affirmance and he was then entitled to immediate reinstatement and could not recover the amount of his salary for any period following that time in the absence of some showing that he applied for reinstatement and was prevented from returning by the action of the city.

3. APPEAL AND ERROR—*when judgment will be reversed with instructions to trial court to enter judgment.* In an action by a public employee for salary due during the period he was wrongfully kept out of his employment by dismissal from the service, where he recovered judgment for salary for a longer period than he was entitled to but the court on appeal has not the means for determining the exact amount due him after deducting payments due to a pension fund, the judgment will be reversed with instructions to enter judgment for the correct amount as of the date of the judgment appealed from.

Appeal by defendant from the Circuit Court of Cook county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Reversed and remanded with directions. Opinion filed December 24, 1924. *Certiorari* denied by Supreme Court (making opinion final).

FRANCIS X. BUSCH, for appellant; ALBERT H. VEEDER, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

Prior to November 22, 1919, the plaintiff, Cord, had been employed by the defendant, City of Chicago, in the classified civil service of said city, as an arc light trimmer, in the Department of Gas and Electricity. On that day charges were filed against him and a hearing was had before the Civil Service Commission, and on December 12, 1919, he was discharged. On February 1, 1920, the plaintiff sued out a writ of certiorari from the superior court of Cook county, and as a result of the proceedings in that court an order was entered on May 19, 1921, reinstating him. The City of Chicago appealed from the judgment of reinstatement entered in the superior court to this court, and on October 18, 1922, this court affirmed the judgment of the Superior Court. [226 Ill. App. 326.]

On March 9, 1923, the plaintiff instituted the case at bar, against the city, to recover the salary alleged

to be due him from the time he was discharged up to the time of his reinstatement, which the record shows was not until after the case at bar was begun, for the plaintiff testified he returned to work on April 17, 1923. An additional count to the declaration was filed by the plaintiff on March 16, 1923, in which the plaintiff took the position that he was entitled to recover his salary up to and including May 17, 1923.

After a hearing the trial court entered a judgment in favor of the plaintiff for $6,682.50, being the salary due him from the time he was discharged up to March 1, 1923, less contributions due from the plaintiff to the municipal employees' pension fund. In support of its appeal the defendant contends that the plaintiff failed to make out a prima facie case, in that he failed to show that the amounts appropriated each year during the period in question, for arc light trimmers, had not been exhausted. The argument of the defendant is to the effect that inasmuch as the law is that where a municipality has paid a salary to a *de facto* officer or employee, the *de jure* officer or employee cannot sue the municipality and compel it to pay the amount over again, to him (*People v. Schmidt,* 281 Ill. 211), and inasmuch as the law also presumes that acts of public officers are legal, until the contrary is established (*People v. Newberry,* 87 Ill. 41), then it must be presumed, until the contrary is shown, that when the administrative officers of the City of Chicago rejected plaintiff's claim for salary, on which he is now suing, they acted lawfully and based their refusal on the fact that the appropriations for arc light trimmers during each year within the period plaintiff was out of his position had been exhausted, and the amount available for the payment of plaintiff's salary had been paid out bona fide to a *de facto* employee, and that such presumption must be indulged until the contrary is established, and, therefore, that it was a necessary part of plaintiff's prima facie

case to submit such testimony as would tend to overcome the presumption referred to. In our opinion such contention is untenable. In effect, the contention is that the court should presume that the defendant had a good defense to the plaintiff's action, unless the plaintiff made a showing to the contrary. There is no such burden on the plaintiff in making out his prima facie case. If the defendant had any such defense as is intimated by the argument advanced, it was incumbent upon it to make it in the usual regular way as was done in *McMahon v. Cook County,* 210 Ill. App. 196.

The defendant further contends that the trial court erred when it included in the judgment, in favor of the plaintiff, salary for the time after this court affirmed the judgment of the superior court, ordering that the plaintiff be reinstated. In support of the judgment the plaintiff contends that he was entitled to recover his salary until the judgment of this court became final, which was not until the March, 1923, term of this court, his argument being that although the judgment of affirmance was entered in this court on October 18, 1922, such judgment "was in the breast of the court and did not become final until the first Tuesday of March, 1923, when the next term began." We are of the opinion that this contention also is untenable. It is not correct to say that a judgment does not become final so that appropriate action may not be taken under it as a final judgment until after the expiration of the term at which it was entered. The record shows that the City of Chicago did not file a petition for rehearing in this court, following the judgment of affirmance entered here on October 18, 1922. Under the rules of this court, the judgment, therefore, became final on October 28, 1922. The plaintiff was then entitled to immediate reinstatement, as provided by the judgment order. He could not, therefore, recover the amount of his salary for

any period following that time, in the absence of some showing to the effect that he applied for reinstatement and offered to return to his employment as arc light trimmer, and was prevented from doing so by the action of the city. *Flynn v. City of Chicago*, 197 Ill. App. 580. In our opinion that case is applicable to the case at bar, although in that case the original action instituted by the discharged employee was a petition for a writ of mandamus, while in the case at bar it was a petition for a writ of certiorari. In the case cited it was pointed out that when the court ordered the writ prayed for, to issue, it was within the power of the discharged employee to enforce his reinstatement immediately, and if he delayed doing so he could not recover the salary accruing during the period of the delay. In the case at bar, as soon as the judgment of affirmance had been entered in this court, and the time for filing a petition for rehearing had expired and no such petition had been filed, the plaintiff was entitled to immediate reinstatement. If he chose not to apply for reinstatement or offer to resume his duties as an employee of the city until a later time, he may not recover the amount of his salary for such period. The fact that the term of this court at which the judgment of affirmance was entered did not expire until March, 1923, furnished no reason why the plaintiff should postpone acting upon the judgment entered in his favor in October of 1922.

We are therefore of the opinion that the judgment appealed from was erroneous, in that it is for a larger amount than it should be. We would affirm the judgment on a remittitur of a specified amount if it were possible to make the requisite computation from the record, but, in our opinion, it is not. We are of the opinion that the plaintiff was entitled to recover a judgment for the amount of his salary up to October 28, 1922, less contributions due from him to the municipal employees' pension fund, for the period repre-

sented by that judgment. From the facts appearing in the record, the salary due the plaintiff for the period ending October 28, 1922, would be $6,030. While we might ascertain from facts in the record that the court deducted $121.50 as the amount due from the plaintiff to the Pension Fund, for the period ending March 1, 1923, there are no facts in the record from which we can compute the amount which would be due from the plaintiff to that fund, for the period ending October 28, 1922.

For the reasons stated the judgment of the circuit court is reversed and the cause remanded to that court with directions to enter a judgment in favor of the plaintiff, as of the date of the judgment appealed from, for the amount of his salary from the time he was discharged up to October 28, 1922, less the amount due from him to the municipal employees' pension fund, for that period.

*Judgment reversed and cause remanded with directions.*

O'CONNOR, P. J., and TAYLOR, J., concur.