JAMES A. BLAKE

*v.*

ROBERT LINDBLOM *et al.*

*Opinion filed February 21, 1907.*

1. CIVIL SERVICE—*circuit court may review proceedings of com-mission by certiorari.* The circuit and superior courts of Cook county have power, by *certiorari*, to review the proceedings of the civil service commission in removing a police patrolman from of-fice. (*Powell* v. *Bullis*, 221 Ill. 379, followed.)

2. SAME—*probationer may be suspended pending investigation of charges.* A police patrolman appointed on probation may be sus-pended by the head of the department pending the investigation of charges against him, and the period of such suspension is not to be counted in determining whether the subsequent discharge of the officer by the head of the department was within the period of pro-bation fixed by the rules of the civil service commission.

3. CERTIORARI—*unexcused delay may be ground for denying the writ.* Unexcused delay in applying for a writ of *certiorari*, even though the period is not great, may be ground for denying the writ, where the rights of the public are involved.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JAS. TODD, NEWTON WYETH, and RICHARD J. COONEY, for plaintiff in error.

MICHAEL F. SULLIVAN, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Blake, on October 22, 1897, (his name having been duly · certified by the civil service commission,) was appointed a patrolman in the police department of the city of Chicago. On November 10, 1897, by the direction of the commission,

he was discharged. Thereafter the commission, having been advised by the corporation counsel of the city of Chicago that the order of discharge was illegal, re-instated Blake on December 30, 1897. Charges were then preferred against him and he was notified to appear before the commission on January 4, 1898, for trial. After the service of said notice, and on December 30, 1897, the head of the police department suspended Blake from the service pending the investigation. On January 4, 1898, Blake appeared before the commission, a trial was had and an order entered removing him from the service. Thereafter, on April 22, 1898, the head of the police department addressed a written communication to the civil service commission stating that it was claimed that the discharge of Blake was irregular, and that for the purpose of curing any error, if any existed, the head of the department did, by the communication in question, discharge Blake in pursuance of the provisions of section 10 of the Civil Service act for a reason set forth in the communication. On the next day, April 23, 1898, this discharge was approved by the civil service commission.

On December 19, 1899, Blake filed in the circuit court of Cook county a petition alleging that his discharge was illegal and praying for a writ of *certiorari* commanding the civil service commission to send up its record for inspection. Nothing further seems to have been done in the matter until January 10, 1903, when the petition was amended and the writ ordered. The commissioners made return, a hearing was had in the circuit court, the record of the commission was quashed and adjudged to be null and void and without force or effect. The commissioners sued out a writ of error from the Appellate Court for the First District to review this judgment, and the case was assigned to the Branch Appellate Court for that district, where the judgment of the circuit court was reversed without any remanding order, for the reason, as stated in the opinion of the Branch Appellate Court, that the circuit court was without

jurisdiction to review the record of the civil service commission by *certiorari*. Blake brings the cause to this court by writ of error.

Since the entry of the judgment by the Branch Appellate Court, this court, in the case of *Powell* v. *Bullis,* 221 Ill. 379, has determined that the circuit and superior courts may, by *certiorari,* review the proceedings of the civil service commission in removing a police patrolman from office.

Blake contends that the order of the civil service commission made on January 4, 1898, was illegal and his removal improper. Defendants in error reply, that even if that be true, Blake, under the statute, was a patrolman on probation, and that the action of the head of the department on April 22, 1898, in discharging him, and the approval of that action by the civil service commission on the next day, effectually and lawfully removed him from the service in any event. As to that, Blake calls attention to the fact that the period of probation, as fixed by the rules of the civil service commission, is six months; that he was originally appointed on October 22, 1897, and that the order approving his discharge by the head of the department was not approved by the civil service commission until April 23, 1898, after the expiration of six months.

Section 10 of the Civil Service act, being section 455 of chapter 24, Hurd's Revised Statutes of 1905, provides that when a candidate is first appointed to a position in the classified service the "appointment shall be on probation for a period to be fixed" by the rules of the commission, and "at or before the expiration of the period of probation the head of the department or office in which a candidate is employed may, by and with the consent of said commission discharge him upon assigning in writing his reason therefor to said commission."

Section 1 of rule 6 of the rules adopted by the civil service commission of the city of Chicago fixes the probationary period at six months.

The purpose of this probationary service is manifestly to enable the head of the department to determine whether the probationer is fully competent to perform the duties of the position and whether his character and discretion warrant his continuance in place. These matters may, in many instances, be determined by observing him in the performance of his duties, and the rule contemplates that the head of the department shall have opportunity to so observe the officer throughout the entire six months, excluding, in computing the time, any period during which his official connection with the service may be interrupted by lawful suspension or lawful discharge and re-instatement. Blake was rightfully suspended from the performance of his duties from December 30, 1897, until after the close of the investigation on January 4, 1898. (Hurd's Stat. 1905, chap. 24, sec. 457.) Deducting this period from the time which elapsed beginning with the day of his appointment and expiring on the day of his removal pursuant to the order of the head of the department made in April, 1898, less than six months remain, so that, within the meaning of the rule, he was discharged within the probationary term.

We are of the opinion, therefore, that the judgment of the Branch Appellate Court was right, but for a reason other than that stated in the opinion of that court.

Blake did not file his petition for a writ of *certiorari* until December 19, 1899,—more than one year and seven months after his removal pursuant to the order of the head of the police department. No excuse is stated by the petition for this delay. The defense of *laches* has not been suggested. Delay for a shorter time, not satisfactorily explained, has been held by this court to be a bar to the right to a writ of *certiorari* in a case of this character. *City of Chicago* v. *Condell,* 224 Ill. 595.

The judgment of the Branch Appellate Court will be affirmed.

                                      *Judgment affirmed.*