THE PEOPLE *ex rel.* James J. Miller, Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed April 23, 1908—Rehearing denied June 5, 1908.*

1. CONSTITUTIONAL LAW—*section 12 of Civil Service act does not delegate judicial power.* Section 12 of the Civil Service act, providing that charges against officers in the classified service shall be investigated by the civil service commission "or before some officer or board appointed by said commission," does not vest judicial power in the commission nor amount to a delegation of judicial power by the commission to the officer or board appointed.

2. CIVIL SERVICE—*commission not required to read the evidence heard by trial board.* In considering the question whether the finding of the trial board which has investigated charges against an officer shall be approved or disapproved, the civil service commission is not required to review, in any specific manner, the evidence heard by the trial board, nor to call witnesses, notify the offender or give him an opportunity to be heard before approving or disapproving such finding.

3. SAME—*whether charges were proved is not a question for the courts to review.* Whether the charges against an officer were sufficiently proved is not a question which is subject to review by the courts, where the officer was accorded a trial in the manner provided by law, and the finding of the trial board, upon the evidence tending to show his guilt, has been approved by the civil service commission.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CLYDE L. DAY, and GEORGE W. MILLER, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellants.

A. D. GASH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county granting the writ of *mandamus* on petition of James J. Miller, appellee, by which it was commanded that appellants place the name of said Miller upon the police

pay-roll of the city of Chicago as lieutenant of police, with the right to continue thereon and receive a salary the same as prior to the time of his removal. After various amendments to the pleadings the case was heard by the court, jury being waived, on the petition as amended, answer and replication thereto, and the court on November 25, 1907, entered a judgment and order in favor of appellee and granted the writ as above stated. From this judgment an appeal was prayed to this court.

Appellants asked the trial court to hold the following proposition of law: "The provision of section 12 of the Civil Service act providing that charges against an officer or employee in the classified service shall be investigated by or before the civil service commission, or some officer or board appointed by said commission to conduct said investigation, is not void as delegating a judicial power, contrary to the provisions of the constitution of the State of Illinois." The trial judge made the following notation on this proposition: "Denied because that part of section 12 which authorizes the commission to delegate judicial power to an officer or board is unconstitutional." The case is brought directly to this court because the constitutionality of this provision of the statute is questioned.

That part of the provision of section 12 of the City Civil Service act now in force in the city of Chicago involved in this question reads as follows: "No officer or employee in the classified civil service of any city who shall have been appointed under said rules and after said examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said civil service commission, or by or before some officer or board appointed by said commission, to conduct such investigation. The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing offi-

cer, and shall be forthwith enforced by such officer," etc. Hurd's Stat. 1905, p. 395.

This court has held in *People* v. *Kipley,* 171 Ill. 44, that the Civil Service act here in question is not unconstitutional, as delegating judicial power to the civil service commissioners; that the legislature has the power to control municipalities created by it, and may direct how officers shall be elected or appointed by such cities and how they may be removed. This court in the recent decision of *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, held that section 12 in the act of 1903, providing for the appointment of police and fire commissioners in certain cities, (Hurd's Stat. 1905, p. 390,) which gave such commissioners power to remove the officers in the department under them for cause, was not unconstitutional, as delegating judicial power to such board. The powers given the police and fire commissioners under that act are very similar to those given to the civil service commissioners under this act. The removal of an officer is not the exercise of a judicial power, as there is no such thing as title or property in a public office. *Donahue* v. *County of Will,* 100 Ill. 94; *Stern* v. *People,* 102 id. 540.

The charges against appellee were not heard, in the first instance, by the civil service commission, but by a trial board of the police department designated by the civil service commission for that purpose, in accordance with its rules. Appellee was charged with being absent from duty without permission of the general superintendent or his commanding officer. On the hearing before the trial board these charges were found to be true, and the following finding was made: "Upon investigation of within charges we find said James J. Miller guilty of being absent from duty without permission of the general superintendent of police or his commanding officer, and decide that he be discharged from his position of lieutenant of police," etc., which finding of the trial board was thereafter approved by the civil service commission.

As we understand the ruling of the trial court on the proposition of law in question, it was held that the part of section 12 of said Civil Service act which authorizes the civil service commission to allow the investigation to be conducted before an officer or board appointed by it, rather than by the commission itself, was a delegation of judicial power and therefore unconstitutional. If the civil service commission, in hearing such charges, would not exercise judicial functions, it is difficult to see how it delegates judicial functions to the board or officer designated to investigate the charges, when such board or officer exercises no greater power in the investigation than would the commission itself. Indeed, this trial board did not exercise as great a power as the commission, as it only had authority to hear the charges and recommend action, subject to approval or disapproval by the commission. Said section 12 specifically provides that these investigations may be conducted by such boards or officers, and the reasoning of this court in *People* v. *Kipley, supra,* and *City of Chicago* v. *People,* 210 Ill. 84, is conclusive as to the constitutionality of this provision. A very similar provision in the New York Civil Service law has been upheld by the highest court of that State. *People ex rel.* v. *Board of Police Comrs.* 93 N. Y. 97.

The evidence before the trial board was taken down in shorthand and was shown on this hearing not to have been written up and read by the civil service commission before the recommendation of the trial board was acted upon, and it is insisted that all this evidence must be read by the commission in order to comply with the law and justify the removal. We cannot agree with this contention. The intent of the law is that the civil service commission shall exercise its own judgment in reaching a conclusion as to whether the recommendation of the trial board shall be approved or disapproved. The law does not require, however, that the evidence before the trial board shall be taken down

in shorthand, and even if such evidence be taken down, the law does not require that it shall be written up and read by the commission before it makes its finding on the recommendation. The civil service commission is not required to review in any specific manner the evidence before the trial board, call witnesses, notify the accused or give him an opportunity to be heard before the commission itself, previous to approving or disapproving the finding of the trial board. What examination or investigation was made by the civil service commission is not disclosed by the record, but it must be presumed to have been in accord with the law unless the contrary be shown. It may be noted that in this case the trial board was composed of two members of the civil service commission—a majority of the latter body.

The petition of appellee alleges that appellee was denied the right of having counsel before the trial board. The evidence does not support this contention and appellee does not here insist upon this point.

It is most earnestly insisted that the charges against the appellee were not proven before the trial board and that he was removed without cause. This court, in *City of Chicago v. People, supra,* stated (p. 92): "After a trial is held, in the manner pointed out by the statute, before the proper board, and evidence is taken tending to show the guilt of the person charged, we are of the opinion that the action of the civil service commission, based on the finding of the board, is final and not reviewable by the courts. * * * The statute does not contemplate a review of the action of the commission which results in the discharge of an officer or employee of the city, after a lawful trial before the proper board, by any tribunal whatsoever."

Appellee contends that the decision just referred to is not conclusive here, because there was not in the case now at bar a proper trial. We held in *Wilcox v. People,* 90 Ill. 186, that where the law has vested *quasi* judicial power (such as that of removal of civil service employees here in

question) even in subordinate administrative officers, the
courts will not inquire whether an officer has acted within
the power and will not attempt to substitute their own judg-
ment or discretion for that of the officer, and will not sup-
ply any other conditions to the exercise of his discretionary
power than those the law has provided. Where acts and
duties necessarily call for the exercise of judgment and dis-
cretion on the part of an officer, body or person at whose
hands performance is required, *mandamus* will not lie to
direct how such discretion shall be exercised. (High on
Ex. Legal Remedies,—3d ed.—sec. 24; 2 Spelling on Ex.
Relief, sec. 1384.) Even granting that the courts have
power, by *mandamus,* to review the findings of such civil
service commissioners where their discretionary power has
been grossly abused or exercised for selfish and unworthy
motives or in an arbitrary or capricious manner, which we
do not here decide, yet there is nothing in this record which
tends to show that the discretion of the trial board, as ap-
proved by the civil service commission, was not exercised
in a proper manner.

Under the decisions of this court we think the finding
of the trial board, approved by the civil service commission,
as shown by this record, cannot be set aside by the courts.
(*City of Chicago* v. *People, supra; Kenneally* v. *City of
Chicago,* 220 Ill. 485; *Kammann* v. *City of Chicago,* 222
id. 63.) The contention of appellee in this regard, if up-
held, would practically amount to a review of the evidence
by the courts in all investigations conducted by the civil
service commission or under its direction. This is not the
law. As was said in *City of Aurora* v. *Schoeberlein, supra,*
(p. 504,) such a review by the courts "would be the exercise
of executive powers, which the separation of departments
of the government precludes the court from exercising."

Other points have been discussed in the briefs, but what
we have already said in the opinion disposes of these ques-
tions and renders unnecessary further discussion thereon.

For the reasons heretofore set out the circuit court erred in entering the judgment restoring the appellee to the police roster as lieutenant of police.

The judgment will be reversed and the cause remanded, with directions to the trial court to dismiss the petition.

*Reversed and remanded, with directions.*