(No. 11962.—Judgment reversed.)

THE PEOPLE *ex rel.* Joseph H. Macauley, Defendant in Error, *vs.* JAMES H. BURDETTE *et al.* Plaintiffs in Error.

*Opinion filed October 21, 1918.*

1. CERTIORARI—*the common law writ of certiorari is not a writ of right.* The common law writ of *certiorari* is not a writ of right but rests largely in the discretion of the court, although such discretion should be exercised in accordance with reasons of sound public policy and not arbitrarily.

2. SAME—*what amounts to laches in filing petition for common law writ of certiorari.* Unexplained delay for more than six months in filing a petition for a common law writ of *certiorari* to quash the record of proceedings of the civil service commission discharging the petitioner from office is such *laches* as warrants a denial of the petition.

3. SAME—*when motion to quash writ of certiorari may be made.* A motion to quash a common law writ of *certiorari* may be made and acted upon at any time when the court is satisfied that the writ should not have been issued.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, and CLARENCE N. BOORD, for plaintiffs in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

A petition was filed by defendant in error, Macauley, in the circuit court of Cook county, for a writ of *certiorari* to review the record of the proceedings of the State Civil Service Commissioners of Illinois in the discharge of defendant in error from his position as clerk in the State grain inspection office. The circuit court quashed the record of the proceedings on the ground that the jurisdiction of the commission was not shown in the return to said writ. On appeal to the Appellate Court the judgment of the circuit court was affirmed, and the case has been brought here on petition for *certiorari*.

The petitioner for the writ of *certiorari* was ordered discharged from his position in the service of the State by the State Civil Service Commission on May 12, 1914, and his petition shows he was notified of his discharge June 4, 1914. He filed this petition in the circuit court March 25, 1915. The question of *laches* in the filing of this petition was raised in the trial court by a motion to quash and is now urged here. The defendant in error delayed the bringing of this action questioning the legality of his discharge for ten months and thirteen days after his discharge and nine months and twenty-one days after he was notified of his discharge. A writ of *certiorari* is not a writ of right, and whether it should be issued is in a large measure discretionary with the court. This discretion is not arbitrary but should be based upon reasons of sound public policy. In *City of Chicago* v. *Condell,* 224 Ill. 595, a police patrolman was discharged after a trial by the Civil Service Commission of Chicago. He filed a petition for a common law writ of *certiorari* for the purpose of bringing up for review the proceedings of said commission in discharging him. In dis-

285 — 4

cussing that case this court said (p. 598) : "In our opinion the writ in this case should not have been issued. * * * Where a detriment or inconvenience to the public will result a party is required to act speedily in making his application and any unreasonable delay will warrant the refusal of the writ." This court there held that the writ should have been quashed. In *Blake* v. *Lindblom,* 225 Ill. 555, where a similar question was raised as to a police patrolman, this court, after quoting with approval the doctrine laid down in *City of Chicago* v. *Condell, supra,* quashed the writ in that case. In 'addition to what was said by this court in those cases as to the detriment or inconvenience to the public which might result, it might be said that the position from which the petitioner was removed may have been filled by another to whom the salary has been paid, and therefore proceedings of this kind should be promptly presented and summarily decided. In discussing this question in *Clark* v. *City of Chicago,* 233 Ill. 113, it was said (p. 115) : "We see no reason why a petitioner desiring to review the action of an inferior tribunal by the common law writ of *certiorari,* in analogy to the statute relating to the review, by *certiorari,* of judgments of justices of the peace, should not be required to present his petition to the court for such writ within six months from the date of the entry of the order which he desires to have reviewed, and in case of a further delay that the delay be satisfactorily explained in the petition for the writ. * * * The petition for the writ in this case was filed ten months after the petitioner had been removed from office, and as the petitioner makes no showing why said petition was not filed at an earlier date and within six months of the date of the entry of the order of removal by the Civil Service Commission, we think the appellee should be held to be barred, by reason of his *laches,* of his right to have said order reviewed by the common law writ of *certiorari,* and that the superior court did not err in quashing the writ and dismissing the petition."

There was nothing stated in this petition showing why the petition was not filed within six months. We see no escape, under the above authorities, from holding that the relator was guilty of *laches* in not filing his petition within six months after his discharge. Furthermore, we do not see why defendant in error did not, after his petition was filed, push the hearing to a speedy decision. The petition was filed in the circuit court on March 25, 1915, the return was filed May 18, 1915, and the final order was not entered quashing the proceedings by the State Civil Service Commission until July 28, 1916, over fourteen months after the filing of said return. The authorities seem to hold that the common law writ of *certiorari* may be quashed for failure to prosecute it with diligence, even after the return is filed. (6 Cyc. 814; *Parman* v. *School Inspectors,* 49 Mich. 63; *Shepherd* v. *Sliker,* 31 N. J. L. 432; *State* v. *Superior Court,* 46 Wash. 169.) The motion to quash the writ of *certiorari* was made in the trial court November 25, 1915. Some suggestion has been made as to whether at that late date the trial court could quash the writ. There seems to be no decision in this State on this precise question. The general rule seems to be that the motion to quash the writ may be made and acted upon at any time when the court becomes satisfied that the writ should not have been issued. The dismissal in many of such cases is made by the court of its own motion and without a formal motion of counsel. (4 Ency. of Pl. & Pr. 249; 6 Cyc. 816; 11 Corpus Juris, 188, and cited cases.)

On this record, in our judgment, the trial and Appellate Courts erred in quashing the proceedings of the Civil Service Commission but should instead have granted the motion to quash the writ. For this reason the judgments of the circuit and Appellate Courts are reversed and the writ quashed and the petition dismissed.

*Judgments reversed.*