# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1921.

---

## M. L. C. Funkhouser, Appellant, v. Percival B. Coffin et al., Civil Service Commissioners of City of Chicago, Appellees.

### Gen. No. 25,457.

1.  CIVIL SERVICE—*review of proceedings of commission.* Upon certiorari to review the proceedings of the Civil Service Commission, every element of jurisdiction of such commission must affirmatively appear upon the face of the return and no intendment or presumption will be indulged in favor of such jurisdiction.

2.  CIVIL SERVICE—*review of proceedings of commission.* Upon certiorari to review a removal for "cause" by the Civil Service Commission pursuant to Hurd's Rev. St. 1919, ch. 24, par. 457 (J. & A. ¶ 1811), a showing of cause is jurisdictional and hence the return must affirmatively show facts constituting such cause.

3.  CIVIL SERVICE—*sufficiency of return on review of commission.* A return, upon certiorari to review proceedings of a Civil Service Commission for a removal for "cause" which merely sets out the charges, recites that evidence was heard and that respondent was found guilty "as charged," is insufficient since "cause" is jurisdictional and facts must appear showing that such cause existed.

4.  CIVIL SERVICE—*review of commission by courts.* Since Hurd's Rev. St. 1919, ch. 24, par. 457 (J. & A. ¶ 1811) gives the Civil Service Commission power to recommend removal only "for cause,"

its action may be reviewed to determine whether "cause" existed though the commission may have wide latitude in determining such cause.

5. CIVIL SERVICE—*jurisdiction in removal proceedings*. While jurisdiction of the Civil Service Commission in removal proceedings may not depend upon the correctness of its decision, a return upon certiorari to review its proceedings must show facts proving that there was cause, and a mere statement that the charges were investigated and respondent found guilty is not sufficient.

6. CERTIORARI—*laches in filing petition*. Where a petition for certiorari to review removal proceedings by Civil Service Commission was filed within the period of limitation and the application for the writ was presented within three weeks thereafter, there was no undue delay though it was not decided until six months thereafter, the latter delay not being at the instance of respondent.

7. CERTIORARI—*nunc pro tunc order*. A *nunc pro tunc* order quashing a writ of certiorari which appeared to have been entered from minutes kept by the judge and the clerk at the time the original order was directed to be entered is not open to objection.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded with directions to quash the proceedings. Opinion filed April 12, 1921. Rehearing denied April 26, 1921.

JOHN S. MILLER, VINCENT D. WYMAN and FRANCIS X. BUSCH, for appellant.

SAMUEL A. ETTELSON, for appellees; FRANK S. RIGHEIMER, JOHN A. BUGEE and ROY S. GASKILL, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment of the circuit court quashing a writ of certiorari which brought up the record of the proceedings of the Civil Service Commission of the City of Chicago showing removal of appellant from the position of second deputy superintendent of police of that city, which he held under the Civil Service Law.

The main question presented is whether the return to the writ shows "cause" for the removal. Section 12 of the Civil Service Act forbids the exercise of the power of removal in such a case "except for cause, upon written charges and after an opportunity to be heard." Hurd's Rev. St. 1919, ch. 24, par. 457, J. & A. ¶ 1811.

The return of the writ shows that written charges with 41 specifications were filed, that appellant had due notice thereof and of the hearing thereon, that an investigation was had at which evidence was taken, that appellant was present in person and represented by counsel, that there was a general finding of "guilty as charged in the within and foregoing charges," and that the subsequent steps required by statute were duly taken.

The return does not contain the evidence taken, and we recognize that it is not necessary that it should. But neither does it contain the substance of the evidence, or a recital of what facts it tended to prove, or a finding of any specific fact upon which "cause" may be predicated. Assuming that some of the formulated charges constituted ground for the investigation had, and that the commission "followed the form of proceedings legally applicable in such cases," the controlling question presented is whether a mere recital of such charges and specifications and of the fact that evidence was taken, together with a general finding of "guilty as charged," constitutes a showing of "cause," which, of course, was indispensable to the commission's jurisdiction.

That every element of jurisdiction of an inferior tribunal, like the Civil Service Commission, must on review by certiorari affirmatively appear upon the face of the return, and that no intendment or presumption will be indulged in favor of such jurisdiction, is fundamental. Reviewing a record of the same

commission in *Lindblom v. Doherty,* 102 Ill. App. 14, 24, it was said:

"In the case of a subordinate tribunal of limited jurisdiction, created by statute, such as the Civil Service Commission, it is fundamental that jurisdiction must affirmatively appear on the face of the proceedings, and that no presumption will be indulged in favor of it, as in the case of a court of general jurisdiction. Jurisdiction must appear by the return to the writ." (Citing authorities.)

Reviewing the record of another inferior, statutory tribunal, in *Tazewell Coal Co. v. Industrial Commission,* 287 Ill. 465, the Supreme Court said:

"There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction, such as an industrial board. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record."

Referring to the fact that the record of the proceedings there under review contained "no fact or evidence upon which the order was founded but only the conclusion of the board," the court said that "such a record practically deprives a party of any review of the proceeding." Again in *Hahnemann Hospital v. Industrial Board,* 282 Ill. 316, the court said: "The record must show facts giving the inferior tribunal jurisdiction, and mere conclusions of law are not sufficient."

It is urged by appellees that the quoted language in these industrial board cases must be considered solely with reference to the fact that the statute provides for the preservation of the evidence taken before that board. But such provision in nowise dispenses with application of the law in certiorari that jurisdiction must affirmatively appear on the face of the record of an inferior tribunal, and that no presumption will be indulged in favor of it. There is nothing in the court's language or facts in those cases indicating

that such doctrine applies only where evidence is required to be preserved. Its language is comprehensive, embracing the records of all such tribunals.

In *Highway Com'rs of Town of McKee v. Smith,* 217 Ill. 250, where the question presented was whether a notice by the highway commissioners required by the statute had been given, the court said that notice was jurisdictional and that the recital that "due notice was given" was not sufficient in a case of that kind, and that such a recital was a mere "conclusion of law." The court added:

"Facts must be stated from which the court is able to see that this conclusion is true. A *quasi* judicial tribunal of inferior jurisdiction should recite the facts, or preserve the facts themselves, upon which its jurisdiction depends. The record must show affirmatively that the notice, provided for in the statute, has been given, so that the court may be able to see either from the facts themselves, or specific recitals of those facts, that due notice was given." (p. 259.)

Similar language is used in *Troxell v. Dick,* 216 Ill. 98:

"The recital is a mere conclusion of law; no fact is stated from which the court is able to see that this conclusion is true. * * * A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends." (p. 104.)

Reviewing the exercise of power of the department of registration and education under the Civil Administrative Code to revoke a license to practice medicine, the Supreme Court again said in *Blunt v. Shepardson,* 286 Ill. 84, that "the record must be preserved, and it is essential to the validity of an order revoking a license that it shall show the facts essential to the jurisdiction of the department." (88.)

Where cause is jurisdictional, as in the case at bar, it is no less imperative that the facts constituting it should be made to appear so that the court can see

whether it exists, than in a case where the facts as to notice, or any other element of jurisdiction, must affirmatively appear.    Where the sole purpose of an authorized investigation by such a tribunal is to determine whether facts exist showing cause for removal, it certainly is as important to a showing of its jurisdiction that the facts found to exist be made to appear as it is to show regularity in every step of the proceedings.

The authorities in other jurisdictions are to the same effect.    Among them we cite *Mullane v. City of South Amboy*, 86 N. J. L. 173; *Doughty v. Conover*, 42 N. J. L. 193; *State v. Losby*, 115 Wis. 61; *Commonwealth v. Kostak*, 20 Pa. Dist. Rep. 107; *People ex rel. Kasschau v. Police Com'rs*, 155 N. Y. 40, 44; *People v. Phillips*, 1 Edm. Sel. Cas. (N. Y.) pp. 386, 398; *People ex rel. Bodine v. Goodwin*, 1 Selden (N. Y.) 568; *People ex rel. Haines v. Smith*, 45 N. Y. 772; *People ex rel. Campbell v. Campbell*, 82 N. Y. 247; *Keenan v. Goodwin*, 17 R. I. 649; *State v. Whitford*, 54 Wis. 150, 152.

In the *Mullane* case, *supra,* it was said that the reviewing court should have before it ''so much of the fundamentals of the proceeding below as will enable it to determine  *  *  *  especially whether the proofs submitted in support of the charges at all sustained them.''  ·What was said in the *Doughty* case, *supra,* is particularly applicable here:

''In the present case all that the justice states is, that certain witnesses were sworn, and his own inference that such testimony made out a case against the defendant.    It is impossible to discover from such a statement whether this judgment was warranted on legal principles.    We have the word of the justice for this and nothing else.''   (p. 197.)

The court added that the record of the inferior tribunal should set out ''at least the substance of the testimony, that the court may judge of its sufficiency to convict.''    While, as said in the *Hahnemann* case

(282 Ill. 318), ordinarily the question of the sufficiency of the evidence before the inferior tribunal will not be reviewed, "an exception to the rule is made when the question is whether jurisdictional facts were or were not proved," citing 4 Encyc. Pl. & Pr. 262; 11 Corpus Juris 205; 5 R. C. L. 265. In the last citation it is said:

"Where the jurisdictional facts do not appear of record, the lower court must certify not only to what is technically denominated the record, but such facts, or the evidence of them, as may be necessary to determine whatever question as to the jurisdiction of the tribunal may be involved."

In the case at bar without the record in some way discloses facts constituting cause, we are not enabled by the inspection of the record to see that it existed. It had to be proven. Whether it was or was not cannot be told from such inspection. The only thing the record contains bearing on "cause" is a statement of what the charges were, that evidence was heard, and that the respondent was found guilty "as charged." To contend that the words "as charged" add anything to the finding of such a tribunal is to ignore authorities that such a finding is a mere conclusion and also the rule against indulging presumptions to support it.

While perhaps some of the specifications may be said to constitute legal cause, if true, there is nothing in the return from which a reviewing court can see there was even an attempt to prove any of them, or what was the particular state of facts on which the finding was predicated. Some of the specifications fail to state a legal cause for removal. If the proof adduced related to them alone, it is clear the commission would have exceeded its jurisdiction. In fact, the record shows nothing appellant did or neglected to do upon which the commission based its findings. In other words, it does not show "cause," and hence not jurisdiction. While the evidence may have

shown cause, for aught the record discloses to the contrary the Commission may have exercised the most arbitrary authority.

With appellees' contention that a general finding of guilty in such a state of the record is sufficient, we cannot agree. Reference is made to *Joyce v. City of Chicago*, 120 Ill. App. 398, and *City of Chicago v. Bullis*, 124 Ill. App. 7, to support this contention. While the records returned in those cases were apparently similar to the one here, yet it does not appear that either in this court or the Supreme Court, which affirmed those decisions (the former in 216 Ill. 466; the latter in 221 Ill. 379), that the precise point presented here was raised or considered. On the contrary, it is clear from the opinions that it was not, and we cannot regard the cases referred to by appellees where the question was evidently not argued or considered as authority on the point under consideration, especially in view of the subsequent decisions of the Supreme Court above referred to.

Appellees urge that the courts have no power to inquire into the discretion exercised by the Civil Service Commission provided it acted within its power. The commission could not recommend removal except for cause. It may have wide latitude in determining it, but it is not a question of the exercise of mere discretion. As said in *State v. Common Council*, 9 Wis. 229:

"So all inferior tribunals that have power to proceed only when certain jurisdictional facts are established, must judge for themselves according to their best discretion, whether such facts exist. But this does not by any means make their action a case of discretion not to be controlled." (p. 235.) * * * "But their judgment as to what the law has allowed them to determine will be controlled, otherwise they may assume unlimited powers." (p. 236.)

The court added: "Where a power to remove for 'due cause' is given, the words for 'due cause' oper-

ate as a limitation on the power''; and ''where they have authority to only remove for 'due cause' they should proceed in such manner as to be able to return what the precise cause was that the court may judge whether it was 'due cause' or not.''

Appellees also urge that the jurisdiction of the commission does not depend upon the correctness of the decision rendered. Such a contention might be made on an argument as to the weight of the evidence or the correctness of the decision on evidence tending to establish the charges if the evidence were preserved. But on this record such contention begs the question whether there was any proof of cause, without which the commission was powerless to discharge. If a record like this, showing merely that charges were made and investigated, and that there was a general finding of guilty, is sufficient to show jurisdiction in the Civil Service Commission, then the way is open for its arbitrary exercise of power, and the letter and the spirit of the Civil Service Law can be violated with impunity. It was in the very fact that inferior tribunals might arbitrarily exercise their power that the doctrines of certiorari, above discussed, found their origin. (See *People v. Phillips,* 1 Edm. Sel. Cas. [N. Y.] 386–398.)

Appellees urge that appellant was guilty of laches in his delay to file the petition, and prosecute it with diligence. It was filed on January 28, 1919, within six months from the date of the order, the period of limitation. (*Clark v. City of Chicago,* 233 Ill. 113; *People v. Burdette,* 285 Ill. 48.) The application for the writ was presented within three weeks thereafter. That the court did not act on the same until April 11 following, and the return of the writ was not made until May 5, 1919, and the matter was not decided until July 15, 1919, do not appear to have been at the instance of appellant, even if such intervals of time can be regarded as unreasonable delay under conditions that prevail in Cook county.

Appellees have filed cross errors questioning the legality of a *nunc pro tunc* order quashing the writ and dismissing the petition. As such order appears to have been entered from minutes kept by the judge and the clerk of the court at the time the original order was directed to be entered, we see no ground for appellees' contention.

As the return fails to show "cause," a jurisdictional fact, the court erred in quashing the writ and should have granted appellant's motion to quash the proceedings. Accordingly the judgment will be reversed and the cause remanded with directions to quash the proceedings.

*Reversed and remanded with directions to quash the proceedings.*

GRIDLEY and MATCHETT, JJ., concur.