## M. L. C. Funkhouser, Appellee, v. Charles E. Frazier, Appellant.

### Gen. No. 29,061.

1. ELECTION AND WAIVER—*when election of remedies for recovery of compensation by public officer not made.* Where a public officer was wrongfully deposed from his office and a successor appointed, a suit brought by him against the city for the salary for the entire period during which he was entitled to hold the office, on the theory that the salary was not paid to his successor in good faith, did not constitute an election of remedies which would preclude a subsequent suit against such successor for the salary paid to him on the theory that it was paid in good faith, where it appears that the remedy in the first suit was misconceived and the recovery in that suit did not cover the period for which the salary was paid to the successor.

2. ELECTION AND WAIVER—*burden of proof of bar by election of remedies.* In an action by a *de jure* officer against his *de facto* successor to recover the salary paid by the city to the successor, the burden of proof was upon defendant to establish his claim that, by a former suit against the city for the salary on the theory that it was paid to defendant in bad faith, plaintiff elected a remedy inconsistent with the present suit and that in the action against the city the plaintiff sustained his charge that payment by the city to defendant was not made in good faith.

3. OFFICERS AND PUBLIC EMPLOYEES—*coexistence of remedies by deposed de jure officer against city and de facto officer for compensation.* Where a public officer was wrongfully deposed and a successor appointed, such deposed officer would have a co-existent remedy against either the city or the successor or both for the salary attached to the office and might adopt both or select either and only a satisfaction of the claim in one case would bar the other.

Appeal by defendant from the Municipal Court of Chicago; the Hon. D. H. WAMSLEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Affirmed. Opinion filed October 7, 1924. *Certiorari* denied by Supreme Court (making opinion final).

SCHUYLER, ETTELSON & WEINFELD, for appellant.

WYMAN, HOPKINS, McKEEVER & COLBERT, for appellee; VINCENT D. WYMAN and AUSTIN L. WYMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee, who held the position of second deputy superintendent of police of the City of Chicago under the classified civil service of that city, was on May 24, 1918, suspended, and on September 17, 1918, discharged from such position. On the latter date, appellant Frazier was appointed to the position and held it until March 18, 1920, when by ordinance of the city council the position was abolished, and for the greater part of that interval he drew the salary appropriated for the position. On January 28, 1919, appellee began a certiorari proceeding to test the validity of his discharge. The trial court dismissed his petition, but on appeal the action of the trial court was reversed and the proceedings of the Civil Service Commission in discharging him were directed to be quashed. (*Funkhouser v. Coffin*, 221 Ill. App. 14, 301 Ill. 257.)

Thereupon on January 21, 1922, appellee began two suits in assumpsit to recover the salary of the position, one against the City of Chicago for the entire salary accruing between May 24, 1918, the date of his suspension, and December 31, 1920, when the abolition of the position was deemed to take effect, and the present action against appellant Frazier, for that portion of the salary paid to the latter by the City

of Chicago during a part of that period. In the former suit, which came to trial first, he obtained a judgment for $6,570.72, which the record tends to show was for salary appropriated for the period when not paid to Frazier, and in the latter, a judgment for $3,460.88, that portion of the salary paid to Frazier with interest.

The suit against the city was brought upon the theory that plaintiff was a *de jure* officer or employee, and as such entitled to the entire salary appurtenant to the position. In recognition of the principle that recovery cannot be had from a municipality where the salary was paid in good faith to a *de facto* officer (*People v. Schmidt*, 281 Ill. 211, 213), plaintiff based his action against the city, so far as he sought to recover the salary for that period during which appellant held the position and received the salary, on the theory that the payment of salary to him during such period was not made in good faith. Whether it was paid in bad faith was the main issue in the case so far as it related to that part of the salary paid to appellant. It had no bearing upon that portion of the salary claimed that was not paid to appellant, and it is for the latter only that the record indicates recovery was had.

It is urged by appellant that the present action assumes that the payment to him was made in good faith and for appellee's use and is a ratification of the employment, and, therefore, inconsistent with the theory of the action against the city that it was paid in bad faith, and as the action against the latter went to judgment first, it constituted an election of remedies.

This contention is based upon the doctrine, which as stated in 20 C. J., p. 17, is as follows:

"Where a party has grounds to bring separate actions against different persons, and the maintenance

of one necessitates the allegation of a fact, or the assumption of a position, inconsistent with, or repugnant to, the maintenance of another, he is bound by his election and cannot proceed against the other.''

But this statement presupposes actual grounds for separate actions and not a supposed right of action. As said in *Bradner Smith & Co. v. Williams,* 178 Ill. 420, 427:

''The inconsistency of the remedies is essential to preclude the resort to one after having adopted another, and the party must actually have two remedies and not merely suppose that he has, for a mistake in his remedy in one case is not a bar in the other.''

The doctrine as thus stated is generally recognized. (*Henry v. Herrington,* 193 N. Y. 218; *Zimmerman v. Robinson & Co.,* 128 Iowa 72; *Noyes v. Edgerly,* 71 N. H. 500, 504; *Sullivan v. Ross' Estate,* 113 Mich. 311, 318; *Barnsdall v. Waltemeyer,* 142 Fed. 415; *Mark v. Schumann Piano Co.,* 105 Ill. App. 490, 494; 9 R. C. L., p. 962; 20 C. J. 22, 23.) In the *Herrington* case, *supra,* the court said:

''The right to make an election must actually exist and if it shall appear that it did not, then it is quite immaterial, in its bearing upon a subsequent action, that some previous action, looking to a remedy for the plaintiff's loss, had been brought.'' (p. 222.)

The court went on to say that there is no choice of remedies when one mistakes or misconceives his remedy and is defeated, and that in such a case he does not forfeit his legal right to pursue another remedy. A collation of authorities on this subject may be found in the notes to 8 L. R. A. (N. S.) p. 144, and 22 L. R. A. (N. S.) p. 1153. They recognize that while it is the rule that one having the choice of two inconsistent remedies is bound by an election, which, when made, precludes subsequent resort to the other claim, yet this rule is not inconsistent with the practice of bringing a second and different action where it appears that the plaintiff never had a right of action

as first brought, and, therefore, could not have elected it. The difference between an election of remedies and a mistake of remedy is clearly distinguishable. (*McLaughlin v. Austin*, 104 Mich. 489; *Garrett v. John V. Farwell Co.*, 199 Ill. 436.)

If the record shows or tends to show, as we think it does, that the judgment against the city does not include the salary for which the instant suit was brought then plaintiff was not successful in the former and misconceived the facts upon the issue of bad faith raised therein. And if, as it appears, he misconceived the real facts necessary to sustain that issue he was not precluded from his right to recover the salary to which he was legally entitled as the *de jure* officer from one who received it without legal right.

While it did not appear by satisfactory proof it was brought out by defendant's own counsel from one of plaintiff's witnesses who conducted the suit that the recovery in the action against the city did not include any portion of the period for which recovery is sought in the present action. However, the burden of proof was upon defendant to establish his claim of an election of remedies, and it was at least essential to that claim to show that plaintiff in his action against the city sustained his charge that the payment by the city to Frazier was not made in good faith. This the record does not show. It tends to show the contrary. The recovery appears to have been only for salary for the time, exclusive of defendant's occupancy of the position, that plaintiff was deprived of the same.

But were it otherwise and recovery was had against the city for the full amount of plaintiff's claim we do not think there was any inconsistency in resort to both remedies. It does not follow that if the city paid to Frazier in bad faith the salary that belonged to plaintiff as the *de jure* officer, the former would not be liable to the latter therefor. In such a case plain-

tiff would have a coexistent remedy against either or both and might adopt both or select either, and only the satisfaction of the claim in one case would constitute a bar to the other. (*Bradner Smith & Co. v. Williams, supra,* p. 427.) We think, therefore, that the record does not disclose a case where plaintiff was driven to an election of remedies, nor was estopped from prosecuting the present action to judgment. Accordingly the judgment will be affirmed.

*Affirmed.*

FITCH, P. J., and GRIDLEY, J., concur.