(No. 20327.—

FRANK J. HOPKINS, Defendant in Error, *vs.* CARLOS AMES
*et al.* Plaintiffs in Error.

*Opinion filed June 18, 1931.*

SAMUEL A. ETTELSON, Corporation Counsel, and FRAN-
CIS J. VURPILLAT, for plaintiffs in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

On May 1, 1929, Frank J. Hopkins filed a verified peti-
tion in the superior court of Cook county praying that the
court order the issuance of a writ of *certiorari* directed to
the members of the civil service commission of the city of
Chicago, as respondents, commanding them to certify and
bring up a complete record of the proceedings of the com-
mission in the matter of the hearing of certain charges and
specifications against petitioner which resulted in his dis-
charge from his position as a patrolman in the department
of police of the city, that the record of the commission be

quashed, and that the order of petitioner's discharge be set aside. On May 2 the court ordered that the writ issue, and on May 19 respondents made a return and therein certified to a record of the proceedings, which, however, did not contain a transcript of the evidence heard upon the trial before the commission. On the same day respondents moved to quash the writ, etc. A hearing was had on May 10, 1929, during which the court ordered the return instanter of the transcript of the evidence, which respondents immediately in open court returned. Thereupon the court entered the final order or judgment appealed from, overruling respondents' motion to quash the writ, sustaining petitioner's motion to quash the record of the commission, finding that "there is not a scintilla of evidence to sustain the finding of the civil service commission on the charges preferred and the order of discharge thereon entered," and adjudging that "the record of said commission discharging the petitioner from his civil service position as patrolman in the police department of the city of Chicago be and the same is hereby quashed and for naught esteemed." There is no bill of exceptions contained in the transcript of the record. No brief has been filed in this court by petitioner.

From the record of the commission as returned to the writ and certified by respondents it appears that on June 11, 1927, written charges, together with specifications, were preferred by Michael Hughes, superintendent of police, against petitioner and filed with the commission, said charges and specifications being set out in full; that on June 16, 1927, petitioner received written notice that the charges, etc., (a copy thereof, together with the names and addresses of eight witnesses, being attached to the notice,) had been preferred against him and that a hearing thereon had been ordered to be held in room No. 612, City Hall, Chicago, on June 22, 1927, at ten o'clock A. M.; that the hearing was continued from time to time until August 3, 1927, when the case was taken under advisement, and that on August 13, 1927, the

commission found petitioner guilty of certain of the charges preferred and ordered that he be discharged from his position. The "findings and decision" of the commission are set forth in full in said record, and therein it is stated that on August 3, 1927, the commission, as to said charges, "proceeded to hear testimony of the witnesses, a record of which is preserved and on file in the office of the commission," and that the charges were as follows:

"Violations of rule 236, and the following sections of rule 289, Rules and Regulations of the Department of Police, promulgated and in force December 15, 1924, viz.:

"1. Rule 236. *Right to entertain political opinions.*— The right of members of the department to entertain political opinions and the right of elective franchise is sacred and inviolate, but no members shall be delegates to or members of any political or partisan convention, nor shall they take part in any political campaign, nor make or solicit contributions to any political party, club or association or for any political purpose.

"2. Section 3, rule 289: Conduct unbecoming a police officer or employee of the police department.

"3. Section 5, rule 289: Neglect of duty.

"4. Section 10, rule 289: Incapacity or inefficiency in the service."

Two of the four specifications related to the claimed violations of rule 236, as to which the commission made no findings, and the other two specifications are as follows:

"3. In that the said patrolman, Frank J. Hopkins, of the 28th district, did permit and suffer houses of prostitution to be operated in said 28th district, department of police, city of Chicago, and also did permit solicitation and roping for prostitution on the streets of the city of Chicago in said 28th police district on April 30, 1927, and May 20, 1927, and at divers other times between said dates and at various places in said district, to-wit: 58 West Grand avenue, 69 West Ohio street, 112 West Grand avenue, 603 North

Clark street, 547 Rush street, 545 Rush street, 58 West Grand avenue, 538 North Clark street, 111 West Austin boulevard, 131 West Erie street, 12 West Grand avenue, 538 North Dearborn street, 542 North Dearborn street, and 600 North Clark street.

"4. In that the said patrolman, Frank J. Hopkins, of the 28th district, did show inability and inefficiency to prevent prostitution in the district to which he was assigned and inability and inefficiency to stop and prevent solicitation and roping on the street in the district to which he was assigned, at the times and in the places stated in specification hereof No. 3."

The commission further found in its "findings and decision" that Hopkins appeared in person at the hearing and was represented by counsel; that both participated in the examination of witnesses; that he was a patrolman in the department of police of the city on June 16, 1927, and that "from a consideration of all the evidence before it the commission finds said Frank J. Hopkins guilty of the following:

"Violation of the following sections of rule 289, Rules and Regulations of the Department of Police, promulgated and in force December 15, 1924, viz.:

"3. Conduct unbecoming a police officer or an employee of the police department.

"5. Neglect of duty.

"10. Incapacity or inefficiency in the service.

"In that the said Frank J. Hopkins, patrolman, 28th district, did permit and suffer houses of prostitution to be operated in said 28th district, department of police, city of Chicago, and also did permit solicitation and roping for prostitution on the streets of the city of Chicago, in said 28th police district, on April 30, 1927, and May 20, 1927, and at divers other times between said dates and at various places in said district, to-wit: 58 West Grand avenue, 69 West Ohio street, 112 West Grand avenue, 603 North Clark street, 547 Rush street, 545 Rush street,

58 West Grand avenue, 538 North Clark street, 111 West Austin boulevard, 131 West Erie street, 12 West Grand avenue, 538 North Dearborn street, 542 North Dearborn street, and 600 North Clark street. In that the said Frank J. Hopkins did show inability and inefficiency to prevent prostitution in the district to which he was assigned and inability and inefficiency to stop and prevent solicitation and roping on the street in the district to which he was assigned, at the times and in the places stated in specification hereof No. 3. Wherefore the civil service commission finds the said Frank J. Hopkins guilty of conduct unbecoming a police officer or an employee of the police department, neglect of duty and incapacity or inefficiency in the service."

In the recent case of *Carroll* v. *Houston,* 341 Ill. 531, this court said: "Under a common law writ of *certiorari* it is not necessary that the evidence be certified or that there be a certificate of facts outside of the record but the trial must be upon the record, alone. (*Donahue* v. *County of Will,* 100 Ill. 94; *Chicago and Rock Island Railroad Co.* v. *Whipple,* 22 id. 105.) The court has no power to pass upon the findings and conclusions of the inferior tribunal but it may examine the proceeding to determine whether the inferior tribunal had jurisdiction, and the facts upon which the jurisdiction is founded must appear in the record, which also must show that the inferior tribunal acted upon evidence. If the inferior tribunal had jurisdiction to hear and determine the case and it proceeded legally, the court is powerless to review the order on the ground that the inferior tribunal wrongfully removed the defendant from office.—*People* v. *City of Chicago,* 234 Ill. 416; *Joyce* v. *City of Chicago,* 216 id. 466; *City of Chicago* v. *People,* 210 id. 84; *People* v. *Lindblom,* 182 id. 241; *Wilcox* v. *People,* 90 id. 186."

In the present case the return of the civil service commission shows that specific charges were filed against Hopkins; that he was served with notice; that he appeared in

person and by counsel; that evidence was heard on the charges and that he was found guilty thereon. The record shows that the civil service commission had jurisdiction of the parties and of the subject matter, that it acted upon evidence, and that it did not exceed its jurisdiction. The circuit court, therefore, had no jurisdiction to review the findings of the civil service commission and determine whether or not its findings were erroneous. (*People* v. *Lindblom, supra.*) After a trial is had before the civil service commission in the manner pointed out by the statute and evidence is taken tending to show the guilt of the person charged, the action of the civil service commission is final and not reviewable by the courts. (*People* v. *City of Chicago, supra; City of Chicago* v. *People, supra.*) To allow a review of the evidence by the courts on investigations conducted by the civil service commission or under its direction would be the exercise of executive powers, which the separation of departments of the government precludes the courts from exercising. (*People* v. *City of Chicago, supra; City of Aurora* v. *Schoeberlein,* 230 Ill. 496.) In this case, as in the *Carroll case, supra,* the trial court was without jurisdiction to review the findings of the commission, and it was in error in holding that there was no evidence fairly tending to support the charges.

On August 13, 1927, the commission found Hopkins guilty of the charges preferred and ordered that he be discharged from his position. The petition for writ of *certiorari* in this case was filed May 1, 1928, and under the rule laid down in *Carroll* v. *Houston, supra,* Hopkins was guilty of *laches* in not filing his petition sooner.

The judgments of the Appellate Court on appeal, and of the superior court of Cook county, are reversed and the cause remanded, with directions to quash the writ of *certiorari* issued by the superior court.

*Reversed and remanded, with directions.*