The People of the State of Illinois ex rel. Michael J. Hanrahan, Defendant in Error, v. Carlos Ames et al., Plaintiffs in Error.

Gen. No. 37,298.

Opinion filed October 24, 1934.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for plaintiffs in error.

CHARLES J. SOPKIN and MILTON G. MANASSE, for defendant in error.

Mr. Justice Wilson delivered the opinion of the court.

Michael J. Hanrahan filed his petition for a writ of certiorari May 15, 1929, directed to the civil service commission of the City of Chicago, demanding a return of the commission's record of certain charges, the hearing thereon and the order of dismissal of the petitioner from his position as sergeant of police in the classified service of Chicago. An order was entered by the superior court directing the civil service commission of the City of Chicago to make a return, which was done. At the same time, the civil service commission filed its written motion to quash the writ of certiorari and that the petition for a writ of certiorari be dismissed.

July 11, 1933, the superior court overruled the motion to quash the writ of certiorari and sustained a motion of petitioner to quash the records of the defendant as the same were returned and judgment was accordingly entered quashing the record of petitioner's discharge from his position as sergeant of police.

The order of the trial court, among other things, includes the following finding and order:

"The Court finds from an examination of all of said record of the Civil Service Commission that the evidence does not establish any charge sufficient to warrant a removal of the petitioner, Michael J. Hanrahan, from the Civil Service and the commission was therefore without jurisdiction to order petitioner's discharge from his position as sergeant in the Department of Police of the City of Chicago.

"It is therefore ordered, adjudged and decreed by the Court that the record of the Civil Service Commission of the City of Chicago as returned, which includes the evidence and the charges against the petitioner, Michael J. Hanrahan, be, and the same is hereby quashed, for naught esteemed, as if such record had never been made."

The record filed by the civil service commission shows: first, that on June 27, 1927, charges were filed against the petitioner by the commissioner of police of the City of Chicago, together with specifications of particular acts and conduct constituting the respective violations charged; second, that the respondent caused to be issued upon said charges a written form of notice directed to the petitioner Hanrahan demanding him to be and appear at Room 612 city hall on July 13, 1927, at 10 o'clock a. m. to answer and defend said charges and that a copy of such charges accompanied the notice; that said Hanrahan was served on the 2nd day of July, 1927; third, that to sustain the charges the respondents heard the sworn testimony of the witness and thereupon caused its findings to be entered of record.

The charges preferred were violations of section 15 of the rules and regulations of the police department in effect at the time. Section 15 referred to was— being absent from duty without permission. In the specifications embodied in the charge it was set forth that the petitioner was assigned to patrol duty from midnight to 8 a. m. during the month of June 1927, and failed to report at 8 a. m. June 24, 1927, without having first secured permission to be absent.

The record of the hearing by the civil service commission shows that the hearing was continued until July 20, 1927, at which time evidence was taken and the petitioner Michael J. Hanrahan appeared in person and was represented by counsel, and was present and participated in the examination of witnesses and was found guilty of the charges contained in the specifications.

It will be noted that the petition was for a writ of certiorari and was filed May 15, 1929, a year and 10 months after the order discharging the petitioner from the service. The order of the superior court quashing the record of the civil service commission appears to

have been based upon the fact that the evidence does not establish a charge sufficient to warrant the removal of the petitioner and that therefore the civil service commission was without jurisdiction to enter the order. The record of the civil service commission in filing its return to the writ of certiorari shows on its face all the necessary jurisdictional facts: First, that the charges were filed; second, that notice was served together with a copy of the charges; third, that a trial was had and witnesses heard; and, fourth, that the petitioner was present and participated in the hearing. These facts as appearing in the record of the civil service commission were amply sufficient to confer jurisdiction on that body. The court was without power to weigh and determine the evidence and the only question with which the trial court was concerned was whether or not the civil service commission had jurisdiction of the petitioner. It was not necessary to certify the evidence and the trial court was limited in its consideration to the record alone. *Carroll v. Houston,* 341 Ill. 531; *Hopkins v. Ames,* 344 Ill. 527.

Moreover, the petitioner was guilty of laches. The Supreme Court in the case of *Carroll v. Houston, supra,* has laid down the rule as follows: "It has been held that where great public detriment or inconvenience is likely to result from interfering with the proceeding of the inferior tribunal the writ should not issue, or if it has been improperly issued it should be quashed when the facts are presented to the court, and it should not issue after six months unless the delay is satisfactorily explained in the petition. (*People v. Burdette,* 285 Ill. 48; *Schultheis v. City of Chicago,* 240 id. 167; *Clark v. City of Chicago,* 233 id. 113; *Blake v. Lindblom,* 225 id. 555; *City of Chicago v. Condell,* 224 id. 595.) In *People v. Burdette, supra,* it was said: 'There was nothing stated in this petition showing why the petition was not filed within six months. We

see no escape, under the above authorities, from holding that the relator was guilty of *laches* in not filing his petition within six months after his discharge. Furthermore, we do not see why defendant in error did not, after his petition was filed, push the hearing to a speedy decision. . . .' "

In the case at bar the hearing on the petition for a writ of certiorari was evidently not pushed for hearing and did not come up for decision before the trial court until July 11, 1933, over four years after the filing of the original petition in this cause. The fact that the petition for certiorari was not filed until a year and 10 months after the order of discharge, coupled with the delay in prosecuting the writ, shows such laches as to deprive the trial court of jurisdiction to entertain the proceeding. There is nothing in the petition for certiorari which in any way condones the delay in making application for the writ. *Carroll v. Houston, supra; Hopkins v. Ames, supra.*

The final order entered by the superior court contains the following: "Respondents waive appeal or writ of error." It is insisted here that this was written in by the trial court after the entry of the order and without the consent of the civil service commission. A photostatic copy of the order which is contained in the record shows this part of the order to have been written in longhand while the body of the order is typewritten. It will be unnecessary for this court to indulge in any presumption as to whether it was written in before or after the order was signed, as we are of the opinion that the court being without jurisdiction of the cause the waiver of appeal or writ of error, as well as the order itself, is void.

This court in the case of *Hurley v. City of Chicago,* 248 Ill. App. 646 (Abst.) says:

"Therefore laches in bringing the suit is imputable to plaintiff from the averments in his statement of

claim, and as such statement did not state a cause of action the stipulation of the corporation counsel consenting to the entry of a judgment did not operate to supply this defect in plaintiff's pleading. Furthermore neither did the stipulation of counsel vest the court with jurisdiction *de hors* the averments of the statement of claim. The court therefore was at the time of the entry of the judgment without jurisdiction so to do.'' See also 6 Corpus Juris, p. 659 *et seq.*

A motion to dismiss the writ of error was filed in this court on the ground that proceedings before the civil service commission of the City of Chicago are governed by statute and that no provision is made for appeal or writ of error. A number of cases were cited in support of this contention from which it is apparent that where special statutory proceedings are provided, the only manner of review is that provided in the statute creating these particular causes of action or remedies. The writ of certiorari, however, was a writ existing at the common law prior to the adoption of our constitution. We are not called upon by writ of error or appeal to review the action of the civil service commission, but only the judgment of the superior court, which court had the right by certiorari to review the proceedings of the civil service commission with the limitations as hereinbefore set forth. Appeals from orders of *nisi prius* courts, in proceedings of this kind, have been entertained by courts of review and we see no reason for differentiating between an appeal and a writ of error.

We received no assistance from counsel for the respondents in their counter suggestions to the motion to dismiss. Counter suggestions were filed it is true and authorities cited in support of the counter suggestions. Counsel seems, however, to be laboring under a misapprehension as to what this proceeding was as their opposition to the motion is based solely upon the proposition that a writ of error will lie in a mandamus

suit. This proceeding is not, however, one in mandamus. The motion to dismiss, however, in our opinion is untenable for the reasons stated.

The superior court being without jurisdiction to entertain the proceeding, its judgment is reversed and the cause is remanded with directions to sustain the motion to quash the writ of certiorari and to dismiss the petition.

*Judgment reversed and cause remanded with directions.*

HEBEL, P.J., and HALL, J., concur.