(No. 14174.—Judgment affirmed.)

M. L. C. FUNKHOUSER, Appellee, *vs.* PERCIVAL B. COFFIN
*et al.* Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. APPEALS AND ERRORS—*order of circuit court quashing common law writ of certiorari is final.* The only judgment to be rendered in a common law *certiorari* proceeding is that the writ be quashed or that the record of the proceedings be quashed, and an order of the circuit court quashing the writ is final although the original order fails to dismiss the petition.

2. CERTIORARI—*facts showing jurisdiction of inferior tribunal must appear in the record.* The only office which the common law writ of *certiorari* performs is to certify the record of a proceeding from an inferior to a superior tribunal, and the superior tribunal, upon an inspection of the record, alone, when the return is sufficient, determines whether the inferior tribunal had jurisdiction, and the facts upon which such jurisdiction is founded must appear in the record.

3. CIVIL SERVICE—*when a dismissed employee is not guilty of laches in applying for review of decision.* An employee who has been removed from office by order of the civil service commission of the city of Chicago is not guilty of *laches* where his petition to review the proceedings of the commission is filed within six months after his removal and is followed by application for a writ of *certiorari* within three weeks thereafter, even though, without fault on his part, the decision on the writ is not entered until several months later.

4. SAME—*civil service commission cannot remove officer without cause.* Courts have no power to inquire into the discretion exercised by the civil service commission of the city of Chicago in the removal of an officer, but under the Civil Service act the commission has no power to act arbitrarily and remove an officer without cause and without notice of the charge and an opportunity to be heard, and proceedings of the commission must be in strict accordance with the provisions of the act.

5. SAME—*when proceedings of civil service commission removing officer must be quashed.* The proceedings of the civil service commission of the city of Chicago removing an officer must be quashed where the record on return to a common law writ of *certiorari* does not affirmatively show facts constituting a cause for the

3⌐1—17

removal of the officer to justify the finding of the commission or showing the proper exercise of jurisdiction, and the mere statement in the record that the officer was found guilty "as charged" is a mere conclusion of law.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (GILBERT G. OGDEN, of counsel,) for appellants.

JOHN S. MILLER, VINCENT D. WYMAN, and FRANCIS X. BUSCH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

An order was entered in the circuit court of Cook county quashing the writ of *certiorari* to bring up the record of the proceedings of the civil service commission of the city of Chicago showing the removal of appellee from the position of second deputy superintendent in the police department of said city, which he held under the Civil Service law. An appeal was taken to the Appellate Court for the First District, where the judgment of the circuit court was reversed and the cause remanded, with directions to quash the proceedings. The Appellate Court thereupon allowed a certificate of importance and certified the cause to this court for further hearing, and this appeal followed.

Cross-errors were filed on behalf of the civil service commissioners questioning the entry of the amendment to the final order of the circuit court, the argument being, as we understand, that the original order entered in the circuit court only quashed the *certiorari* proceedings and did not dismiss the petition, and therefore, it is argued, there was no final appealable order entered in that court. We held in *Cass* v. *Duncan,* 260 Ill. 228, that the only judgment to be rendered in a common law *certiorari* proceeding is

(p. 230) that the writ be quashed or that the record of the proceedings be quashed; and in *People* v. *Stillwell,* 19 N. Y. 531, it is stated that an order quashing the writ is final "because it terminates the proceeding." It would appear from these rulings,—and no authorities are cited to the contrary,—that an order dismissing the petition is not necessary for the termination of proceedings under a common law writ of *certiorari;* that an order quashing the writ is final and terminates the proceedings. This being so, that portion of the *nunc pro tunc* amended order dismissing the petition was unnecessary.

Counsel for the civil service commissioners urge that appellee was guilty of *laches* in filing a petition to review their act in removing him from the police department. His petition to review the proceedings of the civil service commissioners was filed January 28, 1919, within six months after he was removed by order of the commissioners. The application for the writ of *certiorari* was presented to the court within three weeks thereafter. The court did not act on the same until April 11 following, and the return to the writ was made on May 5, 1919, and the matter was decided by the court August 4, 1919. There is nothing in the record to show that the delay in the proceedings before the court on the common law writ of *certiorari* was in any way caused by any negligence on the part of appellee, and we cannot say that under the conditions that prevail in judicial procedure because of the crowded dockets of the courts of Cook county any unreasonable delay appeared in the prosecution and decision of the writ of *certiorari*. This condition of affairs does not bring this case within the reasoning of this court in *Clark* v. *City of Chicago,* 233 Ill. 113, or *People* v. *Burdette,* 285 id. 48, where the petition in each case for a review of the action of the civil service commission was not filed until after six months had expired from the date of the commissioners' order removing the police official.

Section 12 of the Civil Service act, controlling on this hearing as to the removal of appellee, forbids the exercise of the power of removal in such a case "except for cause, upon written charges, and after an opportunity to be heard." (Hurd's Stat. 1917, p. 634.) The common law writ of *certiorari* lies from a superior to an inferior court or inferior tribunal, "and its purpose is to have the entire record of the inferior body brought before the court that it may be inspected, to determine whether it had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law, where no appeal or other direct means of reviewing the proceeding is given. [Citing authorities.] It does not require a return of the evidence or a certificate of facts outside of the record. On the return of the record to the court issuing the writ the trial is had on the record, it being contrary to the practice to form any issue of fact or to hear or consider evidence in relation to the original proceeding as heard on that trial. If the circuit court on the return to the writ finds from the record that the inferior tribunal had jurisdiction and had not exceeded it and had proceeded according to law the writ will be quashed, but, on the contrary, if the court finds the inferior body had no jurisdiction or had exceeded it or had not proceeded according to law it will quash the judgment and proceedings shown by the return." (*Donahue* v. *County of Will*, 100 Ill. 94.) The only office which this writ performs is to certify the record of a proceeding from an inferior to a superior tribunal. The superior tribunal, upon an inspection of the record, alone, when the return is sufficient, "determines whether the inferior tribunal had jurisdiction of the parties and of the subject matter, and whether it has exceeded its jurisdiction, or has otherwise proceeded in violation of law. * * * The record must show facts giving the inferior tribunal jurisdiction, and mere conclusions of law are not sufficient." (*Hahnemann Hospital* v. *Industrial Board*, 282 Ill. 316.)

There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. Appellee has a right to a judicial review of the proceedings, "and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order." (*Tazewell Coal Co.* v. *Industrial Com.* 287 Ill. 465; *Glos* v. *Woodard,* 202 id. 480.) The finding of the commission in removing the appellee from his position stated no evidence or any facts justifying his removal, simply saying on this point: "Whereupon the commission heard the evidence offered, and having considered all the evidence adduced herein, we find therefrom that the said M. L. C. Funkhouser is guilty as charged in the within and foregoing charges." It is manifest that the finding that the appellee was guilty as charged is a mere conclusion of law. No fact was stated by which the court was able to see that that conclusion was true. "A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends." (*Troxell* v. *Dick,* 216 Ill. 98.) "But the recital that due notice was given is not sufficient in a case of this kind. * * * Such recital is a mere conclusion of law. Facts must be stated from which the court is able to see that this conclusion is true." (*Highway Comrs.* v. *Smith,* 217 Ill. 250.) When the proceedings that are being heard are summary, without the right of trial by jury, and there is no right of appeal, "it is necessary that for purposes of review the substance of the evidence should be given and not the conclusions drawn therefrom." (*Sawicki* v. *Keron,* 79 N. J. L. 382.) Where a statute provides that an officer may be removed, but only for cause and after an opportunity to be heard, the power thus granted is not

an arbitrary one, to be exercised at pleasure, but only upon just and reasonable grounds, and then not until after notice to the person charged, for in no other way can he have an opportunity to be heard. (Throop on Public Officers, sec. 379.) The same rule is laid down by this court in *Blunt* v. *Shepardson*, 286 Ill. 84, and authorities cited. In a summary *ex parte* case where the proceedings are in derogation of the common law, it has been uniformly held that they must be in strict accordance with the provisions of the law by which they are authorized. "The judgment must recite all the facts that are necessary in order to give the court jurisdiction in the case and to authorize the court to pronounce judgment. The recital in this judgment is too vague. It is stated that Garner had been appointed and was clerk when the judgment was pronounced, in July, 1833. But it does not necessarily follow that he was clerk during the year 1832,—the period for which he is rendered liable. That he held the office during the time for which he is charged as a defaulter nowhere appears. All the facts stated in the record might be true consistently with the supposition that Garner was not appointed clerk until January, 1833." (*Garner* v. *Carroll*, 15 Tenn. 365.) And this seems to be the uniform rule in passing upon the common law writ of *certiorari* in the superior court in practically every jurisdiction. See *Keenan* v. *Goodwin*, 17 R. I. 649; *People* v. *Campbell*, 82 N. Y. 247; *State* v. *Whitford*, 54 Wis. 150; *Andrews* v. *King*, 77 Me. 224; 2 Dillon on Mun. Corp.—5th ed.—sec. 484; *Gilbert* v. *Board of Police and Fire Comrs.* 11 Utah, 378.

Counsel for the civil service commissioners argue that the decisions of this court in *Hahnemann Hospital* v. *Industrial Board, supra,* and *Tazewell Coal Co.* v. *Industrial Com. supra,* were under a special statute which required the evidence to be preserved, and that therefore those authorities on this question are not in point. We cannot so hold. It is clear that in the *Hahnemann Hospital case* the court

was not laying down the rule simply because that statute required the evidence to be preserved but in accordance with the general rule governing the common law writ of *certiorari*, for it cites the general doctrine as to this writ laid down in 4 Ency. of Pl. & Pr. 262, 11 Corpus Juris, 205, and 5 R. C. L. 265; and the rule laid down by these authorities was applied to the common law writ of *certiorari* whether or not a special statute applied as to the preservation of the evidence in the record, such as required by the Workman's Compensation act. The holdings of this court are that the return to a common law writ of *certiorari* must show by affirmative evidence the jurisdiction of the tribunal passing upon a case removing a person from office, and must show by the facts recited that the tribunal so acting had jurisdiction and authority so to do. In Ruling Case Law, (vol. 5, p. 265,) which is cited with approval in the *Hahnemann Hospital case,* it is stated: "Where the jurisdictional facts do not appear of record the lower court must certify not only what is technically denominated the record, but such facts, or the evidence of them, as may be necessary to determine whatever question as to the jurisdiction of the tribunal may be involved." The record before us does not disclose in any way any facts constituting a cause for the removal of appellee from his position as a member of the police force of Chicago, and it cannot be told from an inspection of the record that any such facts existed, the only statement in the record being that the evidence was heard and appellee was found guilty as charged. Under all the authorities cited, the words "as charged" must be held to be a mere conclusion of law and not a recital of the facts. Even though it be conceded that the specifications filed against appellee might constitute legal cause for removal, there is nothing in the return made to this writ from which this court can see that there was any attempt to prove any of the facts or what was the particular state

of facts upon which he was found guilty. It is true, as urged by counsel for the civil service commissioners, that the courts have no power to inquire into the discretion exercised by the commission, provided it acted within its power. (*People* v. *City of Chicago,* 234 Ill. 416, and authorities there cited.) A very wide latitude is necessarily granted to the commission in the exercise of discretion in matters of this kind, but as the authorities cited hold, "the inferior tribunals that have power to proceed only when certain jurisdictional facts are established must judge for themselves, according to their best discretion, whether such facts exist. But it does not by any means make their action a case of discretion not to be controlled. * * * Their judgment as to what the law has allowed them to determine will be controlled, otherwise they may assume unlimited powers." (*State* v. *Common Council,* 9 Wis. 229.) That such inferior tribunals do not possess unlimited and uncontrolled jurisdiction in the exercise of their powers and cannot act arbitrarily in such exercise is laid down by this court and the great weight of authorities in other jurisdictions. See in connection with the other authorities cited, *People* v. *Phillips,* 1 Edmond, 386, and *Blunt* v. *Shepardson, supra.*

The record made on the return of the writ failing to show any facts upon which removal was justified, the trial court erred in quashing the writ and in not granting the motion of the appellee to quash the original proceedings. Therefore the judgment of the Appellate Court reversing the judgment of the circuit court and remanding the cause, with directions to quash the proceedings, will be affirmed.

*Judgment affirmed.*