## Henry A. Cord, Appellee, v. Percy B. Coffin et al., Appellants.

## Gen. No. 27,068.

CERTIORARI—*sufficiency of return by Civil Service Commission to sustain removal of public employee.* A return by the Civil Service Commission to a writ of certiorari which recites the suspension of a civil service employee for neglect of duty, inefficiency and absenting himself from duty without permission, the filing of charges specifying the instances in detail which are therein set out, the names of witnesses against him, that a notice and copy of the charges was served on him and that he was informed of the time and place of the hearing before the commission, that a hearing was had in which the witnesses were sworn and their evidence heard by the commission which found from the evidence that such employee "is guilty as charged in the within and foregoing charges" and that he was discharged from the public service, but which does not set out the evidence or state the facts upon which the finding was based, is not sufficient to show that the commission acted with jurisdiction or that the employee's removal was justified.

Appeal from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922.

SAMUEL A. ETTELSON, for appellants; GILBERT G. OGDEN, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This appeal is from a judgment of the superior court quashing the records of certain proceedings of the Civil Service Commission of the City of Chicago which showed a removal of appellee from the position of arc lamp trimmer which he held under the Civil Service Commission.

The chief question involved is whether the return to the writ of certiorari sufficiently shows a cause for the removal.

It is provided in section 12, ch. 24, Cahill's Ill. St. 1921, ch. 24, ¶ 697, that no civil service employee "shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense."

The return of the respondents to the writ recites that on November 26, 1919, a report of the suspension of appellee, Henry A. Cord, arc lamp trimmer, was received in the office of the Civil Service Commission; that on November 29, 1919, the Civil Service Commission met in regular session at 610 City Hall, at 10:00 a. m., and approved the suspension of appellee; that on December 1, 1919, certain charges were received and filed, the charges being as follows: "Neglect of duty, inefficiency, and absenting himself from duty without permission." Which charges were detailed further as follows:

"1. The said Henry A. Cord on November 11, 1919, started work at 60th street and Michigan avenue at 8:15 a. m., cleaned 24 lamps and quit at noon. Could not be found in district in afternoon.

"2. The said Henry A. Cord on November 12, 1919, started work at 63rd street and Prairie avenue at 8:30 a. m., cleaned 30 lamps by 11:45 a. m. and quit work. Deliberately smashed three globes. Could not be found in district in afternoon.

"3. That said Henry A. Cord, on November 13, 1919, started work at 63rd street and Calumet avenue at 9:00 a. m., cleaned 24 lamps, skipped three. Deliberately broke four globes; quit work at 12:33 p. m. and did not return in afternoon.

"4. The said Henry A. Cord on November 14, 1919, supposed to start work at 55th street and South Park avenue, could not be found in district at any time during the day."

The names of three witnesses also appear. It further recites that on December 4, 1919, a notice and copy of charges was served on appellee and that he was informed that a hearing would take place on December 11, 1919, at 2:00 p. m.; that on December 11, 1919, the Civil Service Commission met and an investigation was made and evidence heard in the case of appellee and his case taken under advisement. The Civil Service Commission subsequently made the following finding:

"Upon investigation of within charges, we find that a notice stating the time when and the place where this investigation was to be held, together with a copy of the charges herein, was duly served on the said Henry A. Cord more than five days prior to this investigation, by registered mail; and the said Henry A. Cord appeared in person and was represented by counsel, whereupon the witnesses were sworn and their evidence was heard by the Commission.

"And we further find from the evidence that the said Henry A. Cord is guilty as charged in the within and foregoing charges, and order that he be discharged from the Dept. of Gas and Elec. and from the service of the City of Chicago."

It further recites that on the same day at a regular meeting of the Civil Service Commission the appellee

was ordered discharged from the service of the City of Chicago and that report of the finding and decision of the commission was, at that time, transmitted to the Commissioner of Gas and Electricity.

On March 19, 1921, on the hearing of the motion of the petitioner to quash the return and the motion of the respondents to quash the writ, the trial judge, being of the opinion that the return of the respondents was insufficient in law to sustain the defense, ordered that the motion of the respondents to quash the writ be overruled and that the petition of appellee be sustained.

It is contended on behalf of the appellee that the matters herein involved are controlled by the decision in *Funkhouser v. Coffin,* 222 Ill. App. 14, which case was appealed to the Supreme Court, and is now reported in 301 Ill. 257. On the other hand, it is contended on behalf of the Civil Service Commission that the *Funkhouser* case is distinguishable from this in that the finding of guilty by the commission of the charges in the instant case is a finding of sufficient facts to support the charge.

In the *Funkhouser* case, *supra,* Mr. Justice Carter said:

"There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. * * * 'And the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order.' (*Tazewell Coal Co. v. Industrial Commission,* 287 Ill. 465; *Glos v. Woodard,* 202 Ill. 480.) The finding of the commission in removing the appellee from his position stated no evidence or any facts justifying his removal, simply saying on

this point: 'Whereupon the commission heard the evidence offered, and having considered all the evidence adduced herein, we find therefrom that the said M. L. C. Funkhouser is guilty as charged in the within and foregoing charges.' It is manifest that the finding that the appellee was guilty as charged is a mere conclusion of law. No fact was stated by which the court was able to see that that conclusion was true.''

Judged by the standard set in the *Funkhouser* case, *supra,* we are compelled to the conclusion that the answer of the respondents was insufficient.

Although it is intimated by Mr. Justice Carter in the foregoing case that the purpose of the common-law writ of certiorari is to have the entire record of the inferior body brought before the court that it may be inspected and to determine whether it had jurisdiction or had failed to proceed according to essential requirements of the law, still ''it does not require a return of the evidence or a certificate of facts outside of the record.'' In *Hahnemann Hospital v. Industrial Board of Illinois,* 282 Ill. 316, the court said: ''The record must show facts giving the inferior tribunal jurisdiction, and mere conclusions of law are not sufficient.'' In *Troxell v. Dick,* 216 Ill. 98, the court said—which language is quoted by Mr. Justice Carter in the *Funkhouser* case: ''A *quasi* judicial tribunal of inferior jurisdiction muust recite the facts, or preserve the facts themselves, upon which its jurisdiction depends.'' Further apt language in the *Funkhouser* case is the following: ''The holdings of this court are that the return to a common-law writ of *certiorari* must show by affirmative evidence the jurisdiction of the tribunal passing upon a case removing a person from office, and must show by the facts recited that the tribunal so acting had jurisdiction and authority so to do.'' The following language gives the substance of the decision in the *Funkhouser* case: ''The record before us does not disclose  *  *  *  a cause for the

removal of appellee from his position as a member of the police force of Chicago, and it cannot be told from an inspection of the record that any such facts existed, the only statement in the record being that the evidence was heard and appellee was found guilty as charged. Under all the authorities cited, the words 'as charged' must be held to be a mere conclusion of law and not a recital of the facts. Even though it be conceded that the specifications filed against appellee might constitute legal cause for removal, there is nothing in the return made to this writ from which this court can see that there was any attempt to prove any of the facts or what was the particular state of facts upon which he was found guilty.''

Apparently the reason why the court holds that it is necessary for the record to disclose ''what was the particular state of facts upon which he was found guilty'' is that otherwise such a commission might ''assume unlimited powers'' and act arbitrarily. It will thus be seen that (1) it may be unnecessary to return all the evidence; (2) that it is insufficient if the record only shows that the party was found guilty as charged; and (3) that, therefore, a proper method to pursue is to have the record recite the particular facts which the commission has found and which it has considered constitute a cause for removal.

Of course the latter requirement represents, after all, merely the abstract inference of the commission from the evidence and cannot be said in any sure way to prevent an arbitrary and prejudiced judgment. The only sure and effective way to insure a superior tribunal that the judgment of the inferior tribunal is not arbitrary or prejudiced would be the reproduction of all the evidence. That, however, the *Funkhouser* case holds is unnecessary.

Being bound by the decision in the *Funkhouser* case, we are of the opinion that the recitation, ''we further find from the evidence that the said Henry A. Cord is

guilty as charged in the within and foregoing charges,'' fails to show sufficient facts to justify his removal and that the trial judge did not err in granting the motion of the appellee to quash the original proceedings, and in not quashing the writ.

The judgment will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.