## Timothy Buttimer, Appellee, v. Joseph P. Geary et al., Civil Service Commissioners, Appellants.

### Gen. No. 28,230.

1. CERTIORARI—*sufficiency of transcript of evidence prepared after service of writ from reporter's shorthand notes as part of return.* It was error to strike from a return in certiorari to review the proceedings of a Civil Service Commission, in the hearing of charges against a city police officer, a transcript of the evidence taken at such hearing upon which the officer was found guilty and dismissed from the service, on the ground that such transcript was not in existence until long after the writ was served on the commission, where the secretary of the commission certified that the return was a complete copy of the record of the proceedings, including the evidence given at the hearing, and the affidavit of the stenographic reporter offered in support of the return shows that he reported the case and filed his shorthand notes in the files of the commission and that after the writ was served he wrote up the evidence from such notes.

2. APPEAL AND ERROR—*sufficiency of assignment of error in striking transcript of evidence from return in certiorari.* Error of the circuit court in striking out the transcript of evidence given at hearing of charges against a police officer before a Civil Service Commission is sufficiently assigned to raise the question of the propriety of expurgating such return, by an assignment that the lower court "erred in quashing the proceedings of the Civil Service Commission, as set forth in the return," especially where it is not contended that the proceedings were quashable if the transcript had not been stricken.

Appeal by defendants from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Reversed and remanded with directions. Opinion filed May 31, 1923. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL A. ETTELSON, for appellants; GILBERT G. OGDEN, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This appeal brings up for review the action of the circuit court of Cook county in quashing the proceedings of the Civil Service Commission of the City of Chicago ordering the discharge of appellee from the police force of Chicago.

Upon appellee's petition the circuit court issued a writ of certiorari, and as a return thereto appellants filed certified copies of the formal charges against appellee and of the notice of the time and place of the hearing upon such charges, a stenographic report of all the evidence taken at such hearing, and a certified copy of the finding and order of the commission, all certified by the secretary of the commission to be true copies of the records, papers and files, "including the transcript of the evidence given at the hearing," in the keeping of said commission.

Appellee filed a motion to strike from the return all the pages of such return purporting to be a transcript of the evidence, upon the alleged ground that such transcript of the evidence "was not in existence until * * * long after the writ of certiorari was served." Appellee also filed a motion to quash the proceedings, and appellants, a motion to quash the writ.

Upon the hearing in the circuit court two affidavits were filed. In one of such affidavits, appellee stated that he was informed that the respondents' attorney had told his attorney that the pages of the return purporting to show the transcript of the evidence "were caused to be made up" by appellants' stenographer under the direction of the appellants' counsel after the writ of certiorari had been served. In the second of such affidavits, the stenographer for the commission states that at the hearing before the commission upon the charges against appellee, "he reported said case and filed the shorthand notes of the same in the files of the Civil Service Commission," and that after the writ was served, he wrote up the evidence from such

shorthand notes and turned over the transcript to appellants' attorney. The circuit court struck from the return the transcript of the evidence, and then overruled appellants' motion to quash the writ and sustained the motion of appellee to quash the proceedings of the commission.

From the return as filed in the circuit court it appears that appellee was tried before the commission upon a charge of accepting money for the release of a saloon keeper he had arrested for having "moonshine whisky" in his possession; that appellee was duly notified of such charge and furnished with a copy of the same; that at the hearing before the commission appellee was present in person and was represented by counsel; that he pleaded not guilty to the charge; that the evidence of witnesses, who were duly sworn, was heard in support and in denial of the charge, which evidence is set forth in full in the return; and that appellee was found guilty and ordered discharged from the police force. The finding of the commission was: "That the said Timothy Buttimer is guilty as charged in the within and foregoing charges."

The first question presented is whether the court erred in striking from the return the transcript of the evidence taken at the hearing before the commission. Appellee contends that it was shown by the affidavits that this part of the record was "not in existence" at the time the writ was served, but was "made up" thereafter under the direction of appellants' counsel. We think there is no merit in this contention. The secretary of the commission certified that the return was a complete copy of the record of the proceedings had before the commission, including the evidence given at such hearing "in the keeping of said Civil Service Commission of the City of Chicago up to and including July 21, 1921," which was the date the writ was served. Even if a record so certified can be impeached by affidavits—which we very much doubt— the affidavits filed in the circuit court do not show that

the evidence thus included in the return was "made up" after the writ was served, nor do they show that such evidence was "not in existence" at that time. They merely show that the record of the commission as thus certified was not fully written up at the time the writ was served, but that the evidence was taken down in shorthand at the time of the hearing, that the shorthand notes were filed in the office of the commission, and that after the writ was served the evidence so taken and preserved was written up. We know of no rule that forbids this method of preserving the evidence taken at such a hearing. Appellee's counsel treat the transcript of the evidence as a formal bill of exceptions in an action at law, but a trial before the Civil Service Commission "is not a common-law or criminal proceeding, but an investigation," in which the precision and formality required in actions at law are not essential. (*Joyce v. City of Chicago*, 216 Ill. 466.) It was necessary, however, for the return to recite the facts, or the evidence of such facts, upon which the commission's jurisdiction to act depends. (*Funkhouser v. Coffin*, 301 Ill. 257.) In the case last cited the court quoted, with approval, the following language from 5 Ruling Case Law 265: "Where the jurisdictional facts do not appear of record the lower court must certify not only what is technically denominated the record, but such facts, *or the evidence of them,* as may be necessary to determine whatever question as to the jurisdiction of the tribunal may be involved"; and in that case the court quashed the proceedings of the commission for the reason that no such facts, or the evidence of such facts, were recited in the return. In the present case the evidence taken at the hearing of the charges against appellee, and upon which the finding of the commission was based, was included in the return. We think the evidence so taken and so preserved was a part of the record of the commission and was properly so certified by its sec-

retary, and that the circuit court erred in striking it from the return.

It is further claimed by appellee's counsel that even if the action of the circuit court in striking the evidence from the return was error, its action in that regard cannot be reviewed for the alleged reason that no such error is assigned. The abstract shows that among the assignments of error is the following: "Said circuit court erred in quashing the proceedings of the Civil Service Commission, as set forth in the return of the respondents to the writ of certiorari." It is not contended by appellee's counsel that the proceedings of the commission could be quashed if the evidence so stricken was properly a part of the record of the commission. It is merely contended that the proceedings shown in the so-called "expurgated return" were properly quashed. We think the assignment of error above quoted was sufficient to raise the question whether the return was properly "expurgated."

We have read the evidence contained in the return and are of the opinion that such evidence not only tends to prove, but fully supports, the finding of the commission that appellee was guilty as charged; that he had a full hearing before the commission in accordance with all the essential requirements of the law, and that the commission had, and properly exercised, its jurisdiction in ordering appellee's discharge from the police force.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to quash the writ of certiorari.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.