Joseph J. Johaaski, Plaintiff in Error, v. City of Chicago et al., Defendants in Error.

Gen. No. 37,237.

Heard in the first division of this court for the first district at the February term, 1934. Opinion filed April 2, 1934.

A. D. Gash and Edwin Hamilton, for plaintiff in error.

WILLIAM H. SEXTON, Corporation Counsel, QUIN O'BRIEN and CARL HJALMAR LUNDQUIST, Assistant Corporation Counsel, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This writ of error brings in review the action of the superior court in quashing the writ of certiorari which issued from that court, directed to the civil service commissioners of Chicago.

The petition for the writ requested the superior court to order the civil service commissioners and the secretary to bring up for inspection before the superior court the proceedings in and about the trial and dismissal of the petitioner from the position of fire engineer in the fire department of the City of Chicago, claiming said commission exceeded its jurisdiction and acted unlawfully.

An order was entered directing that the writ issue, and respondents answered by presenting the record of the proceedings; respondents also answered that charges were preferred against the petitioner by the commissioner of fire of the City of Chicago charging him with intoxication and neglect or refusal to obey the orders of a superior officer; that thereupon a written notice was directed to petitioner commanding him to appear at a certain time and place to answer and defend the charges, and that a copy of the charges accompanied the notice; that these were served upon him and petitioner acknowledged receipt thereof; that the sworn testimony of witnesses was heard and, the findings sustaining the charges, the removal of petitioner from his position in the fire department was ordered. The respondents moved the superior court to quash the writ of certiorari, which was done.

It has been repeatedly decided that in proceedings of this kind the reviewing court will not examine the

evidence but will inquire only as to whether the commissioners had jurisdiction and followed the form of proceedings legally applicable to such cases, and will not determine whether it correctly decided questions during the progress of the trial. *People v. Lindblom,* 182 Ill. 241; *People v. City of Chicago,* 234 Ill. 416; *Joyce v. City of Chicago,* 216 Ill. 466; *City of Chicago v. People,* 210 Ill. 84.

In the present case the return shows that specific charges were filed against petitioner; that he was served with notice; that he appeared in person and by counsel; that evidence was heard on the charges and that he was found guilty; the record shows that the civil service commission had jurisdiction of the parties and of the subject matter; that it acted upon evidence and that it did not exceed its jurisdiction. The superior court therefore had no jurisdiction to review the findings of the civil service commission and determine whether its findings were erroneous. *Hopkins v. Ames,* 344 Ill. 527. In that case the court said: "To allow a review of the evidence by the courts on investigations conducted by the civil service commission or under its direction would be the exercise of executive powers, which the separation of departments of the government precludes the courts from exercising." To the same effect are *Carroll v. Houston,* 341 Ill. 531; *Funkhouser v. Coffin,* 301 Ill. 257, and many other cases.

The particular point which the petitioner makes in this court is that, as he claims, the commission appointed someone from the corporation counsel's office to represent the petitioner at the hearing. This does not appear from the record, which recites merely that petitioner "appeared in person at this hearing and was represented by counsel; that he and his counsel were present throughout and participated in the examination of witnesses." We must look to the record alone and not to matters *dehors* the record, for if we

could do so the writ of certiorari would manifestly be of no avail. *Commissioners of Drainage District v. Griffin,* 134 Ill. 330.

Petitioner filed before the commission a petition for rehearing, which has been incorporated in the record before us, in which he states that he did not know he was entitled to be represented by counsel of his own selection. We know of no practice which authorizes a petition for rehearing to be incorporated in the record as part of the return to the writ of certiorari. As the reviewing court has no power to review the judgment of the commission except as to its jurisdiction and whether it proceeded legally, a petition for rehearing cannot be interpolated into the record nor this court be called upon to consider the matters set forth in the petition for rehearing, especially where, as here, the petition apparently contradicts the record. Judgments of courts of review must always be formed from the record and from that alone. *Wisconsin Cent. R. Co. v. Wieczorek,* 151 Ill. 579; *People ex rel. Holland v. Finn,* 247 Ill. App. 53; *Hine v. Roberts,* 309 Ill. 439; *Kammann v. City of Chicago,* 222 Ill. 63.

Moreover, if the petitioner objected to the counsel which represented him at the trial, he could have made such objection, and had the petitioner been refused counsel of his own selection there might be some ground for arguing that the commission had not proceeded legally. But the record fails to show that the petitioner made any objection to this counsel. If such an objection is not made at the time of the trial, the court of review will not inquire into the matter. *Sullivan v. Lower,* 234 Ill. 21.

Petitioner cites certain cases, like *City of Chicago v. People,* 210 Ill. 84, but in these cases the record clearly showed that the trial board was constituted contrary to the requirements of the statute, hence it was held that it had not the power to try the petitioner. In the

present case all the elements necessary to a judicial determination of the charges were present and the proceedings were in the form legally applicable to such cases.

The order of the superior court quashing the writ issued was proper and it is affirmed.

*Affirmed.*

Matchett, P. J., and O'Connor, J., concur.