Matthew Campbell, Appellee, v. Civil Service Commission of the City of Springfield et al., Appellants.

Gen. No. 9,022.

Opinion filed April 16, 1937.

HUGH J. DOBBS, of Springfield, for appellants.

GILLESPIE, BURKE & GILLESPIE and EDMUND BURKE, all of Springfield, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Sangamon county quashing the record of proceedings filed in this cause wherein a writ of certiorari had

been issued upon the petition of the appellee, Matthew Campbell, to secure a review of a record of the Civil Service Commission of the city of Springfield, which on the 30th day of July, A. D. 1935, found the petitioner-appellee guilty of neglect of duty as set forth in charges filed by the superintendent of police of the city of Springfield on the 24th day of June 1935, and ordered that he be discharged from the police department and from the service of the city of Springfield.

The petition for the writ of certiorari was filed on December 30, 1935, against the respondents, and on February 27, 1935, the Civil Service Commission filed its return to the writ consisting, among other things, of the charge, notice, findings and order of the Commission. Thereafter, by stipulation of the parties, the respondents filed a transcript of the testimony upon which the finding and order were based. The record shows that the specific charge made against the appellee, was "failure in performance of duty."

Appellee moved to quash the record of the proceedings filed as a return to the writ of certiorari upon the ground that the Commission had no jurisdiction to make the order of discharge for the reason that no evidence was offered or received in proof of the charge; that no evidence was offered or received which reasonably tended to prove the charge; that the order was without just and reasonable cause, and that the finding of the Commission states no evidence or facts justifying its order of discharge. Upon a hearing of the cause the circuit court on March 4, 1936, sustained the motion and ordered that the record of the proceedings filed in this cause be quashed.

Section 12 of the City Civil Service Act provides that an employee holding a position with any city under the provisions of that act shall not be removed, except for cause upon written charges and after an opportunity to be heard in his own defense. The record shows that the appellee, Matthew Campbell, was 54

years of age and had a service record in the police department of the city of Springfield of about 22 years. During all that period his record was clean and there is no evidence of any misconduct or violation of duty on his part. At the time the charges were lodged against him he had been assigned to duty as an assistant jailer working under the direction of the prison keeper. His hours for work were from 7 a. m. to 3 p. m. On the night of June 5, 1935, at about 9 o'clock in the evening and while appellee was off duty, five prisoners escaped from the city prison by prying off a steel plate in a cell block and making their way out through a narrow passage way or alley provided for plumbing and other conduits between the cell blocks. It is claimed by the appellants that some of the work of preparation for the escape was done without appellee's knowledge while he was on duty; that the prisoners worked some two or three days providing the means for the escape and necessarily made considerable noise which should have been sufficient to attract the attention of appellee.

The jail was a modern one constructed in 1928 by the Pauley Jail Building Company and was generally regarded by everyone as practically escape proof. It was a large institution built for the detention of many prisoners. In the block where the break was made there were accommodations for 16 men with another tier above it and there were a number of other cell blocks and tiers of cells in the jail. It is contended by the appellants that the preparation for the escape was readily ascertainable from an inspection of the cell block and by observation from the passageway outside the cell block. In addition to the testimony of the witnesses it appears from the record that the Civil Service Commission viewed the jail, saw the damage which had been done by the escaped prisoners, and had personally observed the conditions in the jail as described by the witnesses.

The appellants contend that the weight or sufficiency of such evidence was not before the circuit court and cannot be considered by this court; that the only questions are, Was a hearing in fact conducted with appellee given adequate notice and opportunity to be present and heard, and in such hearing was evidence presented to the Commission, or did the Commission observe facts or circumstances relating to the charge? That if the Civil Service Commission had jurisdiction and proceeded according to the forms of law, the circuit court on certiorari had no power to determine whether or not its decision was a mistake or the charge had been sustained by the evidence presented. In support of this contention appellants relied largely upon the recent case of *Hopkins v. Ames,* 344 Ill. 527. In that case, the court said, quoting from the case of *Carroll v. Houston,* 341 Ill. 531:

"Under a common law writ of certiorari it is not necessary that the evidence be certified or that there be a certificate of facts outside of the record but the trial must be upon the record alone. (*Donahue v. County of Will,* 100 Ill. 94; *Chicago and Rock Island Railroad Co. v. Whipple,* 22 id. 105.) The court has no power to pass upon the findings and conclusions of the inferior tribunal but it may examine the proceeding to determine whether the inferior tribunal had jurisdiction, and the facts upon which the jurisdiction is founded must appear in the record, which also must show that the inferior tribunal acted upon evidence. If the inferior tribunal had jurisdiction to hear and determine the case and it proceeded legally, the court is powerless to review the order on the ground that the inferior tribunal wrongfully removed the defendant from office. *People v. City of Chicago,* 234 Ill. 416; *Joyce v. City of Chicago,* 216 id. 466; *City of Chicago v. People,* 210 id. 84; *People v. Lindblom,* 182 id. 241; *Wilcox v. People,* 90 id. 186."

While the above language and other similar expressions were contained in that opinion showing that after a trial is had before the Civil Service Commission in the manner pointed out by the statute and evidence is taken tending to show the guilt of the person charged, the action of the Civil Service Commission is final and not reviewable by the courts, the final conclusion of the court was, ''In this case, as in the *Carroll* case, *supra,* the trial Court was without jurisdiction to review ·the findings of the Commission, and it was in error in holding that there was no evidence fairly tending to support the charges.'' We do not understand that the above opinion is in conflict with the case of *Funkhouser v. Coffin,* 301 Ill. 257, and other prior cases which announce that evidence fairly tending to prove guilt is essential to jurisdiction to the Commission and the courts may inquire whether there is any such evidence. In that case the Supreme Court said:

''There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record . . . 'and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order.' ''

In the case of *Murphy v. Houston,* 250 Ill. App. 385, the court said: ''While it is true that it is for the Commission to decide what is cause for removal, it may not make an arbitrary and unreasonable rule in this respect.''

In this case we cannot find any evidence fairly tending to prove guilt on the part of the appellee. The record does not disclose any duty on the part of the appellee concerning the inspection of cells or checking

of prisoners. They were all checked at meal time and the only other person ever on duty at the same time with appellee was the prison keeper himself under whose direction appellee was working. The fact that some prisoners escaped from the city jail, while appellee was not there, and because they had, without appellee's knowledge, made some preparations for the escape while the appellee was performing his usual duties under the direct supervision of his superior, is not evidence fairly tending to prove the appellee guilty of a charge of "failure in performance of duty." The finding of the Commission must have been based upon speculation and inference and not upon facts. We believe therefore, that the order of the Commission was without jurisdiction and that the circuit court correctly ordered the record and return to be quashed. The judgment of the circuit court is affirmed.

*Affirmed.*