Elizabeth Shilvock, Appellant, v. The Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, Appellee.

Gen. No. 40,538.

Opinion filed June 21, 1939. Rehearing denied July 3, 1939.

DANIEL S. WENTWORTH, of Chicago, for appellant; GEORGE P. NOVAK and D. K. LINDHOUT, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellee.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal from an order of the circuit court quashing a writ of certiorari issued upon a petition to secure a review of the record of the Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, which denied petitioner's application for a widow's pension. No point is raised in regard to the pleadings except that the petitioner contends the return to the writ of certiorari made by the respondent is insufficient in law to sustain the legality and validity of the record and proceedings shown thereby.

Charles E. Shilvock, the husband of Elizabeth Shilvock, petitioner, was appointed patrolman on the Chicago police force on October 6, 1906. On May 20, 1911, while on regular duty directing traffic at the intersection of Wells and Madison streets he was struck and injured by a Daily News delivery wagon. It is not disputed that the accident occurred and that officer Shilvock was injured thereby. The record shows that after he was injured he left his post to report the accident at the Central Police Station and did not return to duty. What purports to be a copy of an accident report made out at the time of officer Shilvock's injury appears in the record. The record shows that upon arriving home on the day of the accident, officer Shilvock was found to have sustained injuries and had bruises on the right side of his body, including his right hip, right leg and right arm; that a physician was called and officer Shilvock was treated and was under the care of this physician and two other doctors up to the day he died, October 27, 1914, approximately three and one-half years after the accident.

Statements and affidavits of these physicians relative to the nature and extent of officer Shilvock's injuries and subsequent illness appear in the record. The evidence also shows that after being injured officer Shilvock was confined to bed for three or four days and was unable to report for duty until about 10 days later,

at which time he was asked to take an inside job as watchman in the old municipal court building because of a shortage of men in the department on that day; that thereafter he was assigned to "crossing duty," but was unable to do the work because of lameness, and was transferred to the Shakespeare avenue station as patrolman, where he remained assigned until his death.

The record contains several affidavits and a photostatic copy of a death certificate, certified to by Dr. Hendricks, who attended officer Shilvock during his last illness. This certificate was a part of the evidence, and states the cause of officer Shilvock's death as chronic interstitial hepatitis. Another death certificate appears in the record which states the cause of death as chronic interstitial nephritis. There is evidence by medical experts that either of the sicknesses might have been caused by the injuries sustained by officer Shilvock.

The petitioner, who has never remarried, filed her application for a pension on December 24, 1914. The record of the Board shows that on January 13, 1915, "upon motion duly made, seconded and unanimously carried," the claim was summarily denied.

On April 3, 1924, the petitioner filed a mandamus proceeding against the Board, seeking a statutory hearing on her claim. A demurrer was filed, and upon a hearing thereon, the court refused to dismiss the action on the ground that the widow should be given an opportunity to have her rights adjudicated. This fact was brought to the attention of the Board, and on November 24, 1931, it directed Mrs. Shilvock to appear with her witnesses before the committee on claims.

The return of the Board shows that on March 10, 1932, by direction of the Board, several witnesses appeared and testified before the "Committee on Claims" on behalf of the petitioner, and other evidence was introduced in support of her claim. A memorandum

appearing in the record entitled "Report of Committee on Claims—March 10, 1932," states as follows: "Finding: Your Committee recommends that the testimony and records in the Shilvock case be submitted to Dr. Way, Physician for the Board; that Dr. Way be requested to write an opinion in this matter as to whether or not the injury described could have been the cause of the complaint from which Officer Shilvock died and that further action be deferred until a future meeting of the Claims Committee." On April 1, 1932, Dr. Henry J. Way, physician for the Board, submitted his opinion. Omitting the formal heading of the report it is as follows:

"Gentlemen:

"After reviewing all the papers in connection with the Shilvock matter, it is my opinion that the cause of Charles E. Shilvock's death is in no way connected with the alleged injury.

Yours truly,

(signed) Henry J. Way, M. D."

Another statement in the record entitled "Board Meeting held April 22, 1932," sets forth as follows: "Finding: On the basis of the medical opinion rendered by Dr. Way, Physician for the Board, your Committee recommends that the claim of Elizabeth Shilvock be denied.

"Acting upon the recommendation of the Claims Committee and upon the written opinion of Dr. Way, Physician of the Board, it was moved by Trustee Getz and seconded by Trustee McCarthy that the claim of Elizabeth Shilvock for pension as the widow of Charles E. Shilvock be denied for want of evidence showing that her husband, Charles E. Shilvock, died as the result of injuries received while in the performance of an act of duty."

Thereafter the petitioner submitted further testimony to the Board in support of her claim. This consisted chiefly of expert medical testimony of Drs. Healy

and Keesey. From a memorandum in the record of the Board Meeting held on May 19, 1933, the following appears:

"In the Shilvock case, Mrs. Shilvock and her attorneys McKinley & Price, and Dr. William E. Keesey, appeared before the Board and gave testimony.

"It was moved by Trustee Dwyer and seconded by Trustee Small that the entire record in the case of Elizabeth Shilvock be referred to the attorney and physician of the Board to be summarized and their conclusions submitted to the Board as soon as possible." And it further appears from the memorandum of the report that:

"It was moved by Trustee McCarthy and seconded by Trustee Dwyer that the report of the Attorney and the Physician for the Board in the Shilvock case be approved and concurred in; that said report be made a part of these proceedings, and that this Board make no change in the decision entered on January 13, 1915, denying the claim of Elizabeth Shilvock."

Upon a hearing on this amended return, the writ of certiorari was quashed by the court and the case now comes to this court on appeal.

The petitioner contends that the Board unlawfully delegated its statutory duty to consider and pass upon the petitioner's application for a pension, and suggests that the statute clearly makes the swearing of witnesses and passing upon evidence a quasi-judicial duty personal to the Board alone, citing Ill. Rev. Stat. 1937, ch. 24, par. 950, sec. 6 (g), p. 610 [Jones Ill. Stats. Ann. 100.130].

It appears from the record in this proceeding that on March 10, 1932, the committee on claims of the Retirement Board recommended that the testimony and records in the case be submitted to Dr. Henry J. Way, physician for the Board, and that he be requested to write an opinion as to whether or not the injury described could have been the cause of the complaint

from which officer Shilvock died, and Dr. Way filed a report and opinion which consisted of the following:

"After reviewing all the papers in connection with the Shilvock matter, it is my opinion that the cause of Charles E. Shilvock's death is in no way connected with the alleged injury." And upon this report the claim of the petitioner was denied. Then after the Board had received further testimony and evidence offered by the petition in support of her claim, on January 19, 1933, and to the Board on May 19, 1933, the Board ordered that the entire record in the case be referred to the attorney and the physician for the Board to be summarized and their conclusions submitted to the Board, and this was followed by a report signed and filed by the attorney and the physician for the Board, and the Board then entered the following order:

"It was moved by Trustee McCarthy and seconded by Trustee Dwyer that the report of the Attorney and Physician for the Board in the Shilvock case be approved and concurred in; that said report be made a part of these proceedings, and that this Board make no change in the decision entered on January 13, 1915, denying the claim of Elizabeth Shilvock."

In the consideration of the question of authority of the Board to direct that the physician as well as the attorney for the Board make a report upon the questions of fact, it is well to have in mind what our Supreme Court has stated as the rule by which the Board is controlled in the consideration of the evidence and exhibits. Upon the question of a writ of certiorari and the question as to what the record which this writ brings up must show if the proceedings are to be sustained, the Supreme Court said in *Funkhouser v. Coffin,* 301 Ill. 257: "There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. Appel-

lee has a right to a judicial review of the proceedings, 'and the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order.' . . . The finding of the commission in removing the appellee from his position stated no evidence or any facts justifying his removal, simply saying on this point: 'Whereupon the commission heard the evidence offered, and having considered all the evidence adduced herein, we find therefrom that the said M. L. C. Funkhouser is guilty as charged in the within and foregoing charges.' It is manifest that the finding that the appellee was guilty as charged is a mere conclusion of law. No fact was stated by which the court was able to see that that conclusion was true. 'A *quasi* judicial tribunal of inferior jurisdiction must recite the facts, or preserve the facts themselves, upon which its jurisdiction depends.' "

So when we come to examine the final order of the Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, we find that the record of approval of the report of the attorney and the physician for the Board is concurred in; that said report is made a part of the proceedings, and that the Board makes no change in the decision entered on January 13, 1915, denying the claim of Elizabeth Shilvock.

From an examination of the statutory provision which gave to this body a limited jurisdiction it appears that it was the intention of the legislature to empower it to hear witnesses and pass upon questions which are necessarily involved in a proceeding of the character here before us. However, it does not appear from anything in the statute that the Retirement Board would be justified in delegating to employees the power to consider the evidence that was before the Board. It was the duty of the Board to pass upon this question, and in entering an order it was necessary that it comply with the rule stated in *Carroll v. Houston,* 341 Ill. 531, that—

"The record must show facts giving the inferior tribunal jurisdiction and mere conclusions of law are not sufficient. The record must show that the board acted upon evidence, and it must contain the testimony upon which the decision was based in order that the court may determine whether there was any evidence fairly tending to sustain the order." And it is to be noted from what our Supreme Court has stated that the evidence upon which the conclusion of the Board has been reached must be in the record, and the Board must act upon the evidence in order that this court may determine whether there was any evidence fairly tending to sustain the order. That was not done in this case.

While it is true that the physician and the attorney for the Board have filed a report of the facts they claim were before the Retirement Board, still in the final order there is no finding of fact which the Board considered sufficient to justify the entry of the order entered by the Board at the time it denied the claim of this petitioner.

Other questions have been called to our attention, but we do not consider it necessary to consider them as we are of the opinion that the Retirement Board erred when it approved the report and did not include in the report of the Retirement Board the finding of fact based upon the evidence that should have been considered by the Board.

For the reasons stated the order of the court quashing the writ of certiorari issued upon a petition to secure a review of the record of the Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago, which denied petitioner's application for a widow's pension is reversed and the cause remanded for further proceeding consistent with the views herein expressed.

*Reversed and remanded.*

Denis E. Sullivan, P. J., and Burke, J., concur.