People of State of Illinois ex rel. Andrew M. Fosse, Appellee, v. James P. Allman, Commissioner of Police of City of Chicago et al., Appellants.

**Gen. No. 43,190.**

Opinion filed June 26, 1946. Rehearing denied September 6, 1946. Released for publication September 9, 1946.

BARNET HODES, Corporation Counsel, for appellants; J. HERZL SEGAL, Head of Appeals and Review Division, FRED V. MAGUIRE, CARL H. LUNDQUIST and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Andrew M. Fosse filed a petition for mandamus in the circuit court of Cook county against the commissioner of police, the civil service commissioners and the comptroller of the City of Chicago to compel restoration to the position formerly held by him as a patrolman in the classified service of the department of police, from which he was discharged after a hearing before the Civil Service Commission. After the opinion of the Supreme Court in *People ex rel. Elmore v. Allman,* 382 Ill. 156, upon leave of court, he changed the form of action to certiorari and filed an amended complaint for a writ of certiorari to review the record of the Civil Service Commission. Defendants' motion to strike the amended complaint for certiorari was denied and a writ issued. The Commission filed its return. The court sustained plaintiff's motion to quash the return and defendants appealed.

On November 28, 1941 plaintiff was a patrolman in the classified service of the department of police of the City of Chicago. On December 12, 1941 charges were filed against him.

Defendants state that on certiorari to review the proceedings of the Commission, courts have power

only to inspect the record to determine whether the record establishes the jurisdictional facts pertaining to the person, the subject matter and the grounds for discharge, and a proper legal procedure for removal under sec. 12 of the Civil Service Act [Ill. Rev. Stat. 1945, ch. 24½, par. 51; Jones Ill. Stats. Ann. 23.052], and that where the record shows such facts the court possesses no power to inquire into the discretion exercised by the commission or to set aside its findings and compel reinstatement of a discharged employee. We are of the opinion that defendants' statement of the law, as above given, is supported by the authorities. Plaintiff does not argue to the contrary. Defendants maintain, further, that the Commission is not required by law to include in its return to a writ of certiorari a transcript of the evidence given at the hearing, and that the absence of a transcript of the evidence is not ground for quashing the return. Plaintiff insists that the jurisdictional facts must be established by the record; that ''the mere recital that evidence was heard and the mere purported 'findings' of the Commission are not sufficient to show jurisdiction; that they are but conclusions; that with no transcript of testimony or certificate of evidence in the return there is nothing from which the court can see that the jurisdictional facts were established by any evidence proving, or tending to prove, them.''

The purpose of the writ of certiorari is in all cases to prevent injustice. *Board of Supervisors v. Magoon,* 109 Ill. 142. It is not a writ of right, the petition being addressed to the discretion of the court. It is awarded where inferior tribunals are shown to have exceeded their jurisdiction, or in cases where they have proceeded illegally and no appeal is allowed and no other mode of directly reviewing their proceedings is provided. The Commission, being a part of the executive and not of the judicial branch of the government, no appeal will lie from its decision

even though the statute should purport to grant one. *City of Aurora v. Schoeberlein,* 230 Ill. 496. The only office which the writ performs is to certify the record of a proceeding from an inferior to a superior tribunal. *Funkhouser v. Coffin,* 301 Ill. 257. The trial is on the record alone. *Crocher v. Abel,* 348 Ill. 269. The court will only examine questions of law arising out of the proceedings of an inferior tribunal. The complaining party does not have an opportunity to have the case retried. As long as the Commission had jurisdiction and followed the form of proceedings legally applicable, the court is without power to disturb the order where there is evidence which fairly tends to sustain the order. The decision of the Commission on the facts is final and not reviewable by the courts. *People ex rel. Miller v. City of Chicago,* 234 Ill. 416. The power to remove from office, however, is not an arbitrary one. ''Where a statute provides that an officer may be removed, but only for cause and after an opportunity to be heard, the power thus granted is not an arbitrary one, to be exercised at pleasure, but only upon just and reasonable grounds, and then not until after notice to the person charged, for in no other way can he have an opportunity to be heard.'' *Funkhouser v. Coffin,* 301 Ill. 257. There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record. *Funkhouser v. Coffin,* 301 Ill. 257. This jurisdiction must appear affirmatively in the record.

The only power which the Civil Service Commission has to remove from office is conferred on it by sec. 12 of the Civil Service Act, the pertinent portion of which reads: ''Excepting as hereinafter provided in this section, no officer or employee in the classified service of any city who shall have been appointed

under said rules and after said examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. . . . The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer, and shall forthwith be enforced by such officer." This statute forbids the exercise of the power of removal "except for cause, upon written charges and after an opportunity to be heard." The jurisdictional facts upon which the Commission must base its power of removal are: (1) cause, (2) written charges and (3) an opportunity to be heard in his own defense. This latter jurisdictional fact contains two parts: (a) notice of the charges and the time and place of hearing and (b) the participation in the hearing by the person charged and the introduction of testimony. These are the statutory prerequisites to the exercise of the power of removal. Plaintiff admits that the return is sufficient to show that written charges were filed and that plaintiff received a copy of them with the specifications, together with notice of the time and place of a hearing. Also, that the return shows a finding of guilty. Plaintiff contends that the return is not sufficient to show the following necessary jurisdictional facts: (a) cause, (b) that a hearing was had at which witnesses testified and at which hearing plaintiff participated, and (c) that evidence and testimony tending to prove the charges was offered, received or heard. Plaintiff asserts that the recitals in the return are not enough to show jurisdiction; that they are nothing more than mere conclusions; and that the testimony must be included, which is the only sure and safe way to show that the required jurisdictional facts were actually present.

We agree with plaintiff that where the jurisdiction of the Commission is challenged, the return should include the transcript of the testimony. In the

instant case the testimony is a part of the record of the Civil Service Commission. The return so recites. The courts are not precluded by the Commission's mere recital. ''The record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order.'' *Funkhouser v. Coffin,* 301 Ill. 257. In the *Funkhouser* case the court cited as authority the cases of *Hahnemann Hospital v. Industrial Board,* 282 Ill. 316; *Tazewell Coal Co. v. Industrial Commission,* 287 Ill. 465; and *Glos v. Woodard,* 202 Ill. 480. In the *Funkhouser* case counsel for the commissioners argued that the decisions of the court in the *Hahnemann and Tazewell* cases were under a special statute which required the evidence to be preserved and that, therefore, those authorities were not in point. Answering this contention the court said (262):

''We cannot so hold. It is clear that in the *Hahnemann Hospital case* the court was not laying down the rule simply because that statute required the evidence to be preserved but in accordance with the general rule governing the common law writ of *certiorari,* for it cites the general doctrine as to this writ laid down in 4 Ency. of Pl. and Pr. 262, 11 Corpus Juris 205, and 5 R. C. L. 265; and the rule laid down by these authorities was applied to the common law writ of *certiorari* whether or not a special statute applied as to the preservation of the evidence in the record, such as required by the Workmans' Compensation act. The holdings of this court are that the return to a common law writ of *certiorari* must show by affirmative evidence the jurisdiction of the tribunal passing upon a case removing a person from office, and must show by the facts recited that the tribunal so acting had jurisdiction and authority so to do.''

One of the attorneys for the successful litigant in the *Funkhouser* case was Mr. Francis X. Busch. The petition for rehearing in this case was denied on February 10, 1922. Mr. Busch was Corporation Counsel in 1923. On June 26 of that year he submitted to the then president of the Civil Service Commission "a few suggestions in regard to charges against civil service employees and hearings on said charges which might tend to eliminate unnecessary litigation in the future." One of the suggestions was that: "The stenographer employed at the said hearing shall transcribe his notes immediately following the said hearing, and these notes as transcribed with proper affidavit of the stenographer attached to same shall constitute part of the records in the case." See Opinions of the Corporation Counsel and Assistants, 1923–24, pp. 266–8. Having been one of the attorneys in that case, Mr. Busch undoubtedly felt that he was following the views of the Supreme Court expressed in the *Funkhouser* case in his "suggestions" to the president of the Commission.

In *Jarman v. Schuyler County Board of Review,* 345 Ill. 248, our Supreme Court, quoting the principle announced in the *Funkhouser* case, that the record must show that an inferior tribunal acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was evidence fairly tending to sustain the order, said (258):

"Referring to the *Funkhouser case* and summarizing the principles therein expressed this court said in *Carroll v. Houston,* 341 Ill. 531; 'The record must show facts giving the inferior tribunal jurisdiction, and mere conclusions of law are not sufficient. The record must show that the board acted upon evidence, and it must contain the testimony upon which the decision was based in order that the court may determine

whether there was any evidence fairly tending to sustain the order. . . . There is nothing in the *Funkhouser case* which changes the rule as it has existed in this State for many years.'"

In *Frye v. Hunt,* 365 Ill. 32, the court cited, among others, the *Carroll* and *Funkhouser* cases, and said (37):
"Where the question is whether jurisdictional facts were established, mere conclusions of law are insufficient and the record must show the existence of the facts required to authorize the inferior tribunal or officer to act, and this evidence may properly be reviewed by the court."

In *Crocher v. Abel,* 348 Ill. 269, the court said (276):
"The common law writ of *certiorari* brings up for review only the record of the tribunal to which it is addressed, and not the evidence. An exception to this rule is made when the question involved is whether jurisdictional facts were or were not proved. (*Hahnemann Hospital v. Industrial Board,* 282 Ill. 316; *Carroll v. Houston,* 341 id. 531; *Hamilton v. Town of Harwood,* 113 id. 154; 4 Ency. of Pl. and Pr. 262; 11 Corpus Juris 205; 5 R. C. L. 265.) The cause must be tried on the record, only, but the record must show findings of fact sufficient to give to inferior tribunals jurisdiction of the subject matter and the parties. If there is no evidence to support the findings the court has no jurisdiction to decide the issue. In this case the county court found that there were 532 property owners within the territory, of whom 269, or a majority of three, had signed the petition. Evidence *dehors* the record, and contradicting it, is not permitted in the absence of statutory authority. Where evidence is permitted to be reviewed by the superior court in ascertaining the existence of jurisdictional facts, it may be examined not for the purpose of determining the credibility of witnesses or the weight to be given conflicting

testimony but solely for the purpose of learning whether there is any competent evidence to fairly sustain the decree. (5 R. C. L. 'Certiorari', 265.) If this were not so, then the limitations which have always been placed upon the purposes for which a proceeding by *certiorari* can be maintained would be removed and it could be employed with the same effect as an appeal or writ of error. There is evidence in this record to support the finding as to the number of property owners within the territory and as to the number who signed the petition. The record sufficiently shows the jurisdictional facts and the finding is conclusive."

In *Kilroy v. Retirement Board,* 297 Ill. App. 261, (leave to appeal denied. 297 Ill. App. xvi), the court said (270):

"Under the settled law of this State, where it is sought by the common law writ of certiorari to review a decision or an order of an inferior tribunal, such as the respondent board, the record of such board must show that it acted upon evidence and contain the testimony upon which the decision was based in order that the court may determine whether there was any evidence fairly tending to sustain the order."

In *Shilvock v. Policemen's Retirement Board,* 301 Ill. App. 84, after citing the *Funkhouser* and *Carroll* cases, said (91):

"And it is to be noted from what our Supreme Court has stated that the evidence upon which the conclusion of the Board has been reached must be in the record, and the Board must act upon the evidence in order that this court may determine whether there was any evidence fairly tending to sustain the order. That was not done in this case."

See also *Campbell v. Civil Service Commission of Springfield,* 290 Ill. App. 105, (leave to appeal denied 290 Ill. App. xiv). In *Carroll v. Houston,* 341 Ill. 531,

and *Hopkins v. Ames*, 344 Ill. 527, the court said that the return of the Commission cannot be quashed on the ground that there was no evidence fairly tending to support the charges. In both cases a transcript of the evidence was filed and in the *Carroll* case the court said there was evidence fairly tending to support the charges. The case of *People ex rel. Henderson v. Dunham*, 310 Ill. App. 261, (reported in abstract form) involved an amended petition for mandamus and not a certiorari. The trial court heard the evidence and entered judgment for plaintiff. We held that as the Commission had jurisdiction to conduct the hearing, the discretion exercised could not be reviewed by mandamus. The statement therein as to the practice in certiorari cases was dictum. After reading the cases of *People ex rel. Holland v. Finn*, 247 Ill. App. 53; *People ex rel. Hanrahan v. Ames*, 277 Ill. App. 312; and *Johaaski v. City of Chicago*, 274 Ill. App. 423, we have concluded that they do not state the law. We agree with the views expressed in *Cord v. Coffin*, 226 Ill. App. 326, except the statement therein that the *Funkhouser* case holds that it is unnecessary to return all of the evidence. We are of the opinion that the rules announced in the *Funkhouser* case that ''the record must show that the board acted upon evidence and contain the testimony upon which the decision was based, in order that the court may determine whether there was any evidence fairly tending to sustain the order,'' states the law applicable to the record in this case. Sec. 12 of the Civil Service Act controls the Commission in its exercise of the power of removal. Without this section a civil service employee would have no redress, should he be unjustly discharged. He would be virtually in the same position as employees who are not under the classified service. It is patent that preserving the evidence and certifying a transcript thereof, protects the rights of the employer and employee and enables a court, reviewing

the record, to decide whether the finding and decision rendered met the jurisdictional requisites.

For the reasons stated the judgment of the circuit court of Cook county quashing the return to the writ of certiorari is affirmed.

*Judgment affirmed.*

KILEY, P. J., and LEWE, J., concur.